Spring Term
1839.

*Pulliam&Payne*
vs
*Withers.*

---

Pet. & Sum.         Pulliam and Payne *vs.* Withers.

[Mr. Hewitt and Mr. Payne (of Lawrenceburg) for appellants: Messrs. Crittenden & Cates for appellee.]

From the Circuit Court for Anderson County.

May 3.        Judge Ewing delivered the opinion of the Court.

The facts.        Withers sued out a summons on a petition, against Pulliam and Payne, on a note under seal, purporting to be executed by the defendants, in the following form:—

"On the first day of March next, I promise to pay "Nathaniel G. Thomas one hundred and twenty dol-

"lars, for value received of him, this 26th day of September, 1833."

Pulliam appeared, and pleaded *non est factum*, and Payne pleaded that, the note was executed without consideration as to him; and issues having been formed on the two pleas, a verdict was found for the plaintiff, and judgment rendered thereon. And a motion for a new trial having been overruled, the defendants have appealed to this Court.

The facts proven on the trial, were these. Thomas, the promissee of the note, after it fell due, went to the neighborhood of the then promissor, Pulliam, to collect or arrange it. Pulliam was absent. Upon being informed of the fact, he enquired of an acquaintance, whether he could get security to the note; and being informed that Payne, the other defendant, sometimes went his security, he went to Payne's, and, after some chaffering on the subject, Payne agreed to become bound as the surety of Pulliam, provided Thomas would give three years indulgence for his debt, from that time; which being agreed to, Thomas endorsed on the note and signed the following agreement: "This note is not to be paid until the expiration of three years from this date—the 11th April, 1835." Whereupon, Payne signed his name, and attached his seal under the name of Pulliam; but no interlineation or change was made in the body of the note.

In the case of the *Bank of Limestone* vs. *Penick*, 5 *Monroe*, 32, it was determined by this Court, that the interlineation of the name of another promissor, in the body of the note, and his signature under that of two others, after the note was signed and delivered by them, and without their knowledge or consent, rendered the note void as to them. But in that case, there was a change in the face and body of the note—an alteration in its reading, which would bring it literally within the technical rule laid down in that case, from Sheppard's Touchstone. Here there is no change in the body or reading—no interlineation or erasure. The note reads

Spring Term
1839.

Pulliam & Payne
vs
Withers.

Two persons, having given a note, in the body of which they were named as promissors — the addition afterwards, of a third signature, *with a corresponding change in the body*, without the consent of the original signers, was held to vitiate the note as to them. But where — without any change in the form of the note —an additional promissor signed it—a jury may

find it to be still the act and deed of the first signer, upon very slight evidence of even a subsequent assent on his part, and the verdict will be sustained.

on its face as it did read before, and may be seen, examined, identified and proved, as it existed when first made. Whether this diversity ought not to take this case out of the rule applied in that, need not be determined; for if it be conceded that it must fall within the same rule, it is certainly, as applicable to this case, a technical rule, founded more upon what is deemed good policy, than substantial justice; and in such a case, we feel warranted in requiring very slight evidence to establish the assent of the promissor, to the addition. Or would not, where the slightest proof existed to establish such assent, overturn the verdict of a jury finding against the defendant.

We think the verdict in this case, is sustained by the proof; or rather we cannot say that it is not sustained by it.

It is proven that Pulliam lived within a mile of Payne; that the latter was in the habit of going the security of the former, and held a mortgage upon his property for his indemnity in other cases; that Pulliam got home from his trip in five or six weeks; and was, in a short time afterwards, informed by the witness, what Payne had done; when he remarked that, Payne *had done so before,* and he wished he would mind his own business. And when the sheriff, after the three years expired, served the process on him, he said that " the note *was not due;* that he would give him a hunt for it; that he would get clear of the *interest at least.*" He knew that Payne had signed the note, and also, that he had *done so before,* yet made no complaint to the holder of the note, but availed himself of the credit given, and insisted that it had not expired, and objected specifically only to the payment of the interest. These circumstances, connected with the fact of the intimacy between them, and that Payne was in the habit of going his security, and held a mortgage on his property, and his continued acquiescence in what had been done, was sufficient, in our opinion, to warrant the jury to infer his assent to the act of Payne.

The inducement to a surety to

With respect to the issue on Payne's plea, we are perfectly satisfied that the agreement on the part of Tho-

mas, to give three years longer indulgence on the note, especially if assented to or acquiesced in by Pulliam, was a sufficient consideration to uphold the undertaking on the part of Payne.

A promise to give day, or extend the time of payment, has ever been held a valuable consideration, and such as will sustain a promise to pay at the expiration of the time. Nor does it matter whether the indulgence, or time given, is to the party assuming, on his own debt, or to a third person on his debt, especially if the latter avails himself of the indulgence. In either case, it is equally a disadvantage to the party giving the time, and disadvantage on the one side, as well as advantage on the other, has ever been held a good consideration.

Thomas agreed to give the time, and in consequence thereof, deprived himself of the means which the law afforded him, to coerce the collection of his debt. Whether those means would have been available, could only be known by the effort.

Judgment affirmed, with costs.

*Spring Term 1839.*

sign the principal's note (after it had become due) was an agreement, made with him, & indorsed on the note, to extend the time of payment: *held,* that this agreement was a valuable and sufficient consideration to uphold the obligation on his part, and defeat his plea of want of consideration.