*Trimble* for plaintiffs: *Morehead & Reed* for defendants.

## Lilley *vs* Evans.

ERROR TO THE HARRISON CIRCUIT.

*Obligations—joint and several. Presumptions. Onus probandi.*

PET. & SUM.

3bm417
107 338

3bm417
110 569

Case 113.

JUDGE MARSHALL delivered the opinion of the Court.

May 12.

THIS petition was brought in the name of J. N. Evans, as assignee of Hugh Levi, upon a note of the following tenor: "On or before, &c. we or either of us promise to pay," &c. and signed by Pleasant Lilley and William Lilley, as obligors. The note was dated in September, 1841, payable in January, 1842, and assigned in November, 1841.

The case stated.

The defendant, Pleasant Lilley, pleaded that after he had executed and delivered the note to the payee, and after it was assigned to the plaintiff, the signature of William Lilley, as a co-obligor, had been procured by the plaintiff, without the knowledge, consent, or approbation

Pleadings.

of the defendant, Pleasant Lilley, and that he had not since approved of it. And the defendant, Wm. Lilley, pleaded that he had executed the note without any consideration. Issues having been taken on each of these pleas, it appeared in evidence that the plaintiff had got the signature of William Lilley to the note, after the assignment to him, and before the note became due, but under what circumstances is not shown. And the only question in the case is, how far this single fact is sufficient to support both or either of the pleas.

1. The note having been originally drawn in the form of a joint and several obligation, so that the addition of a second obligor did not vary its original import, we are not prepared to concede that its obligatory effect, as the deed of the first obligor, could be impaired by the mere addition of another name at the bottom, even against his consent. But without deciding this point, we are clearly of opinion that the execution of a note in this form, is of itself, such evidence of authority or assent to the procurement of an additional signature, as to require of the obligor, who would discharge himself on the ground of its being unauthorized by him, to show an actual dissent or circumstances equivalent thereto. And as we do not doubt that the authority implied in the form of the note, to obtain an additional signature, would pass with the note itself to the assignee, we are of opinion that the fact of his having procured such signature, after the assignment of the note to him, did not invalidate it as to the original obligor.

2. Upon the plea of no consideration by the new obligor, as the execution of the note by him implied a consideration, the burthen of disproving a consideration devolved upon the party denying it, as well from the state of the question as by the direct provision of the statute authorizing the plea. And as, notwithstanding the fact of William Lilley's having executed the note some time after it had been executed by Pleasant Lilley and assigned to the plaintiff, there may have been a sufficient consideration to make it obligatory upon him, either then arising or existing from the commencement of the transaction; the mere fact as to the time of his executing the note,

A note in form joint and several, signed by one & delivered to obligee, and afterwards assigned and falls due, and is signed by a second obligor, the presumption from the form of the note is that it was so intended by the parties. To authorize the first signer to avoid the note he must show an actual dissent, or circumstances equivalent, to the signing of the second obligor.— The form of the note ("we or either of us,") implies an authority to obtain an additional obligor, which would pass to the assignee.

A note is presumed to be upon good consideration, & proof to the contrary lies on the def't, and the mere fact that a joint and several note is assigned, and after it becomes due, is signed by another, does not prove that there was no consideration as to the last obligor.

did not prove that there was no consideration as to him. The note may have been accepted, conditionally at first, or to be in discharge of some prior obligation, in case it should be executed by an additional obligor, or William Lilley might have agreed, before it was accepted by the payee, that he would put his name to it as a co-obligor. In one of these modes, or in some other way, there might have been a pre-existing consideration sufficient to make the note obligatory upon him, and the effect of which would not have been impaired by the assignment of the note to the plaintiff before it was executed by William Lilley. It was not necessary that there should have been a new consideration arising at the time of executing the note, much less, that any new consideration should have then actually passed from the plaintiff to William Lilley, as seems to be implied in one of the instructions asked for by the defendants, but refused by the Court. Nor do we conceive it to be material in such a case, whether the second signature be obtained before or after an assignment of the note. Whatever right or power the obligee might have in this respect, would, by virtue of the assignment, pass with the note itself to the assignee, and is as operative in his hands as in those of the obligee, to make the note binding on the subsequent obligor. Taking the note in an imperfect condition, he has ·a right to have it perfected; and though he procured a new obligor, it is as assignee of the payee that he may do this, and it is as assignee that he still holds and may sue upon the note. The time of William Lilley's executing the note then did not necessarily imply that there was no consideration as to him, or that he was not bound unless there was then a new consideration. These principles have been stated with a view to the questions involved in the instructions given and refused by the Circuit Court, and to the objections made in this Court to the verdict and judgment. According to the view which we have taken of the subject, no error, prejudicial to the defendants, was committed in giving or withholding instructions; and the verdict being sustained by the law and the evidence, there was no error in overruling the motion for a new trial.

The judgment is, therefore, affirmed.

*Curry* for plaintiff: *Trimble* for defendant.