## Shipp's Adm'r. *vs* Suggett's Adm'r.

### ERROR TO THE SCOTT CIRCUIT.

*Obligations. Alterations of Bonds or Notes. New trial.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS suit, by petition and summons, was brought on a note of $1,050, purporting to have been executed by William S. Sweatmen, E. P. Suggett and Henry Sweatman, payable to Richard W. Shipp.

Shipp, the payee, and Suggett, one of the payors, having died, the suit was instituted by Shipp's administrator against the administrator of Suggett.

The defedant plead *non est factum*, and to sustain his plea, relied upon two grounds. First, that his intestate had not executed the note sued on. Secondly, if he had, that it had lost its obligatory effect as his act and deed, by having the name of Henry Sweatman added, as an additional obligor without his consent, after the note had been executed and delivered by William S. Sweatman and the defendant's intestate.

The first ground relied upon to sustain the plea, presented merely a question of fact for the determination of the jury. In support of the second ground, it was proved on the trial, that the name of Henry Sweatman as an additional obligor, was placed on the note subse-

PET. & SUM.

*Case 3.*

*December 7.*

Case stated.

9bm 5
107 338

9bm 5
110 569

SHIPP'S ADM'R. *vs* SUGGETT'S AD'R

quently to its execution by the other obligors, and at a different time and place, at the instance of Shipp, to whom the note was given. The evidence in relation to the assent of the first obligors to the procurement of the signature of Henry Sweatman as an additional obligor, was contradictory and inconclusive.

Instructions given for plaintiff.

The court, at the instance of the counsel for the plaintiff, instructed the jury, "that if they found from the evidence, that the signature of E. P. Suggett to the note sued on, was the act and deed of said Suggett, and that after he signed and delivered said note, Henry Sweatman, with his consent or approbation, signed the same as additional security, they must find for the plaintiff."

Instructions asked by pl'tff, but refused.

The counsel for the plaintiff also moved for the following instruction, which was refused, viz: "That the note sued on being drawn joint and several, authorized the obligee to take the additional security of Henry Sweatman, unless E. P. Suggett dissented to it."

Verdict and judgment.

A verdict having been returned for the defendant, and a motion for a new trial overruled, a judgment was rendered in bar of the plaintiff's action, to reverse which this writ of error is prosecuted.

The only question presented of any importance, grows out of the refusal of the court to give to the jury the foregoing instruction, as to the law of the case.

*Bank of Limestone* vs *Penick* (5 Mon. 25,) and *Pulliam, &c.* vs *Withers*, (8 Dana 98;) *Lilly* vs *Evans*, (3 Ben. Mon. 417,) cited and the two latter distinguished from the first.

In the case of the *Bank of Limestone* vs *Penick*, (5 Monroe, 25,) it was held, that the addition of another obligor, and the insertion of his name by the obligees in the body of the note without the assent of Penick, destroyed its obligatory effect as to him.

In the subsequent cases of *Pulliam, &c.* vs *Withers*, (8 *Dana*, 98;) and *Lilly* vs *Evans*, (3 *B. Monroe*, 417,) a new obligor had been added, without inserting the name in the body of the note; but in each case, the assent of the first obligors to the execution of the note by the last one, was considered as sufficiently established by the evidence, and the effect on the validity of the note as to the first obligors, which would be produced by the addition of another obligor, without their assent, express or implied, was left undecided.

It is contended on the one hand, that there is a manifest distinction between this case and that of the Bank of Limestone against Penick. · In the latter, a change had been made in the body of the note by the insertion of the name of the additional obligor, by the obligees, which act, according to the established doctrines of the law, destroyed its obligatory effect as to the first obligor. In this case, on the contrary, the note being joint and several, the addition of another obligor, did not change its original import, and the instrument is not really altered by the signature of an additional obligor. This difference between the cases, is relied upon as sufficient to take this one out of the operation of the technical rule of the common law, which had been applied in the case of the Bank of Limestone against Penick, a rule which, in the language of the court in the case of *Pulliam, &c.* vs *Withers, (supra,)* is founded more on what is deemed good policy than substantial justice.

The argument on the other side, is that there is no substantial difference between the cases; that every reason that can be given why the holder of a note should not have the right to obtain another obligor, and insert his name in the body of note, applies with equal force to the present case. The addition of another obligor changes as effectually the note and its legal identity, as if his name were inserted in the body of the writing. By signing he becomes the joint obligor with those whose names are previously affixed. The number of the parties, the ratio of contribution, and the character and description of the instrument, are all substantially varied without the assent of the previous obligors. They may, by the altered condition of the instrument, be prejudically subjected to a change of jurisdiction, in the event of any litigation arising in reference to the payment of the debt, or any other controverted matter in relation to it between the parties. The surety in the note, who has obtained an indemnity, may have it jeopardized by the loss of identity, produced by the change in the writing which evidences the debt for which he was liable, when the indemnity was obtained.

SHIPP's ADM'R.
vs
SUGGETT's AD'R

The grounds taken by counsel on each side.

Shipp's Adm'r.
      vs
Suggett's Ad'r

It is evident these consequences might ensue, if the payee of a note had the privilege of adding another obligor at pleasure, without the assent of those who had previously executed it. It will impose very little hardship on the holder of a note or bond, to require him, before he procures a new obligor, to obtain the assent of the previous obligors. If the additional name tends to increase the security of the debt, and is procured for that purpose, and not with a view to prejudice the other obligors, or to obtain some undue advantage, their assent would hardly be withheld, and might be implied from very slight testimony, unless such an implication be forbidden by the form of the instrument, the nature of the transaction, or express evidence of dissent.

*Alterations made in an instrument by the party holding it makes it void. The addition of the name of another obligor to a joint and several note has the effect of rendering it inoperative and void as to those who had previously signed, unless their consent either express or implied be given.* The effect of alterations in a material part, made by the party who holds the instrument, is to make void the writing thus altered. Now, although the addition of another obligor to a joint and several obligation, which had been executed by a plurality of persons, does not change the import of the instrument; yet it causes it to speak, in reference to the number of parties to it, a different language from that which it originally spake, and in this respect changes its legal effect and operation. The alteration, therefore, must be deemed material, and when made at the instance of the party himself who holds the instrument, without the assent, either express or implied, of the parties previously bound by it, renders the instrument, as to him, utterly void.

Inasmuch, therefore, as the instruction moved by the counsel for the plaintiff, imported a legal right on the part of the obligee to take the additional security of Henry Sweatman, without the assent, either express or implied, of E. P. Suggett, it was properly refused by the court below.

In support of the motion for a new trial, the plaintiff *That a witness got drunk and was stupid when examined and could not so depose as to do justice to the party calling him* filed an affidavit, stating that a witness by whom he would prove the assent of Suggett to the execution of the note by Henry Sweatman, became intoxicated, and thereby stupified to such an extent that his testimony to this fact was virtually lost to him on the trial; and

that he was wholly unapprised of the situation of the witness, until he was called and sworn.

This affidavit is insufficient to authorize a new trial, in opposition to the decision of the court below, for two reasons: First. The bill of exceptions shows that this witness was examined on the trial. His condition, therefore, was apparent to the court, and whether or not the plaintiff sustained any injury by his alleged intoxication, was a matter about which the Circuit Court that witnessed the whole affair, could judge much better than this court can from the plaintiff's affidavit alone.

Second. The correct practice in such a case is, for the party at once, upon the discovery of the cause, during the progress of the trial, which operates as a surprise on him, to move a continuance or postponement of the trial, and not attempt to avail himself of the chance of obtaining a verdict on the evidence he has been able to introduce, and if he should fail, then to apply for a new trial, on the ground of surprise. To tolerate such a practice, would have the effect of giving to the party surprised an unreasonable and an unfair advantage, and tend to an unnecessary and improper consumption of the time of the court.

Wherefore, the judgment of the court below is affirmed.

*D. M. Payne and Duvall* for plaintiff; *Robinson & Johnson* for defendant.

CRAIG
*vs*
McBRIDE's H's.

is no grounds for a new trial against the opinion of the Circuit Court.

—The party on discovering the condition of the witness should have asked a postponement of the trial, having chosen to risk his case, knowing the condition of the witness, he should abide the consequences.