### J. M. HIEATT, ET AL. *v.* M. H. HIEATT.

**Consideration for Co-Obligor.**

> When the owner of a note against the father agrees not to sue for a reasonable time if a son will sign the note as co-obligor with his father, the giving of time to the father is a sufficient consideration for the son's becoming obligated, and he is bound whether the father knew his son had signed the note or not.

#### APPEAL FROM SHELBY CIRCUIT COURT.

October 31, 1878.

OPINION BY JUDGE ELLIOTT:

In December, 1873, M. P. Hieatt executed his note to the appellants for $325 due the following March. Sometime after the note became due appellant, J. M. Hieatt, informed the appellee, who was the son of M. P. Hieatt, that unless he would sign his name to the note sued on as his father's security that he would bring suit on the note, but if he would become surety on the note, that appellants would give indulgence to M. P. Hieatt for a seasonable time for payment of the note. The appellee accepted the terms offered by the obligees and signed the note as requested and after indulging M. P. Hieatt about two years thereafter, and the failure of either of the obligors to pay the note, the appellants brought this suit.

Appellee denied the right of appellants to recover, because he says that his promise to go his father's security was without his father's consent and was not founded upon a sufficient consideration.

The evidence indicates that appellants agreed to wait a reasonable time for payment of the note in dispute if appellee would sign it, and that this agreement was made after the maturity of the note

and without the knowledge of the original obligor M. P. Hieatt. We are of opinion, however, if the appellants held the note of M. P. Hieatt, which·was past due, and if in consideration of an agreement to wait a reasonable time for payment made by the obligees with M. H. Hieatt, he went on the note as a co-obligor, and the appellants complied with the terms of their agreement to give time, their cause of action is complete against appellee; and the validity of the contract does not depend upon the consent of M. P. Hieatt to the agreement by which appellee became bound for the note, for if appellee went on the note in pursuance of a contract founded on a valid consideration he cannot dispute its obligatory force or deny that he is a co-obligor or surety of his father, even if the latter refused his assent. The case of Pulliam & Payne v. Wilpers, 8 Dana 98, is very nearly like this one. There the principal obligor knew nothing of the contract by which the surety signed the note till it had been done, and when informed of it expressed dissatisfaction.

It is true that the principal obligor should have assented or confirmed the act as intimated in that opinion, but it is a mere intimation, the case being decided on a different ground. We take it that if appellants and appellee made a contract founded upon a sufficient consideration, by which appellee agreed to sign and did sign his name to his father's promissory note with the expressed intention of being bound thereon, then the appellee cannot deny the obligatory force of the instrument because the other obligor says it was signed by appellee without his consent.

Even if the consent of M. P. Hieatt had been necessary to the obligatory force of the instrument against appellee, the question, as to whether the credit of the two years which resulted from this agreement and other evidence in the record amounted to acquiescence in and a confirmation by M. P. Hieatt of the contract sued on should have been submitted to the jury.

But as the contract entered into by appellee was not unlawful or against public policy, and was founded on a sufficient consideration and its terms complied with by the appellants, we fail to see why appellee is not bound on it as he agreed to be bound, whether his father assented to it or not. As the rulings of the court below are inconsistent with this opinion the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*Bullock & Beckham, for appellants.*

*Caldwell & Harwood, for appellee.*