107 332
f 110 569.

CASE 57—ACTION ON PROMISSORY NOTE—Nov. 29.

## Edwards v. Mattingly, Etc.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. BILLS AND NOTES—ALTERATION—ADDITIONAL SURETY.—The addition of another security to an obligation which was executed for the purpose of borrowing money, before its delivery to the payee, is not such an alteration as will release the parties who had signed the same before the alteration was made, even when done without the assent of such parties.

2. SAME—QUESTION OF FACT.—The question whether or not the additional surety signed his name before the completion of the transaction by which the money was obtained from the payee was a matter of fact and should have been submitted to the jury. But the appellant, to whom the note had been transferred by assignment, having voluntarily assumed the obligation imposed upon sureties by signing the note sued on, occupies no better attitude than his co-surety and in no contingency is he entitled to recover from his co-surety more than half the amount paid by him.

3. EVIDENCE—PLEADING.—A party is entitled to read against his adversary pleadings which have been verified by him and filed in the case.

LITTLE & LITTLE, POWERS AND ATCHISON FOR APPELLANT.

1. It is a self-evident proposition applicable to all writings that an interlineation, erasure, or other alteration in a written instru-

Edwards v. Mattingly, &c.

ment can not, as a general rule, affect its validity, unless the alteration was made after execution and delivery. 2 Am. & Eng. Ency. of Law (2d. ed.), 194; Hall v. Weaver, 34 Fed. Rep., 104.

2. Where M. S. M. signed note as principal and M. P. M. surety for loan of money and before delivery of the note by M. S. M. to payee E. also signed it, in absence of evidence to the contrary the jury would be authorized to presume that the note was signed by E. by assent of joint surety.

3. Alteration of a written instrument by addition of another maker or obligor, if added after execution and delivery, without consent of obligors, avoids it. Singleton v. McQuerry, 85 Ky., 41; Bank of Limestone v. Penick, 5 T. B. Mon., 25; Shipp v. Suggett, 2 B. Mon., 5; but see contra: Miller v. Finley, 12 Am. St. Rep., 306; 2 Am. & Eng. Ency. of Law, (2d ed.), 194; 95n; Bowser v. Rendell, 31 Ind., 128; Mersman v. Werges, 112 U. S., 139; McNeil v. Sanford, 3 B. Mon., 11.

4. It was a question for the jury as to whether M. P. M. assented to the signing by E., and the court erred in deciding it by peremptory instruction.

5. On the question as to whether M. P. M. assented to E.'s signing the note, it was competent to prove that he promised to pay the note after its maturity.

6. Where plaintiff sued, alleging that he was the surety of M. S. M., who had previously signed the note, and before trial offered an amendment to his petition, alleging that if he did not become the surety of both he became surety of M. S. M. and co-surety of M. P. M. and also that M. S. M. was insolvent and that he was was the surety of both or one but he did not know which, the court abused its discretion in refusing the amendment. Civil Code, sec. 134; Downing v. Bacon, 7 Bush, 685; Kearney v. Covington, 1 Met., 341; Frankfort Bridge Co. v. Franklin, 18 B. Mon., 41.

7. The answer of a defendant admitting that he was co-surety with plaintiff and liable for half the sum sued for was competent evidence against such defendant and the court erred in rejecting it, even though the defendant had filed an amended answer retracting his former statements. U. S. v. Wood, 14 Pet., 430; Howard v. Glenn, 21 Am. St. Rep., 162; Ayers v. Hartford, F. I. Co., 85 Am. Dec., 559; Warden v. Wilyard, 24 Am. St. Rep., 250; Maxwell v. Harrison, 52 Am. Dec., 388; 1 Am. & Eng. Ency. of Law, 719 and note; Roberts v. Tennell, 3 T. B. Mon., 248; Gibson v. Herriott, 29 Am. St. Rep., 25.

8. Where an entirely credible witness states what his testimony was on the trial on a particular point and eleven other credible witnesses (nine of them jurors) corroborate him, and arrayed

against this is the court's own recollection (of which he expresses doubt) and the stenographer's notes alone, the bill of exceptions supported by the twelve witnesses should have been signed, especially as intrinsically it is more probably true.

9. Where the form of the note is not changed, and only an additional promissor added, the jury would be authorized to find it to be the act and deed of the first signor upon very slight evidence, or even upon a subsequent assent on his part. Pulliam v. Withers, 8 Dana, 99; McNeil v. Sanford, 3 B. M., 11; also see Miller v. Finley, 12 Am. St. Rep., 306; 2 Am. & Eng. Ency. of Law, 194, 195n; Bowser v. Rendell, 31 Ind., 125; Mersmen v. Werges, 112 U. S., 139.

WALKER & SLACK for the appellee.

1. Adding the name of another maker to a note, without the consent of those already bound, is such a material alteration as to vitiate the instrument. Singleton v. McQuerry, 85 Ky., 41; s. c. 2 S. W., 652. Such addition at the instance of the obligee, and without the consent of one who signed it as surety, and, when so signed, issued it as a completed instrument, vitiates it, as to such surety, whether the addition was made before or after the money on it was turned over to the principal obligor. Although this is clearly the law, it is not necessary to apply it in the present case, where appellant signed the note, at the request of the obligee, after its delivery to him, and when he had it in his possession, and this, too, without the knowledge or consent of appellee M. P. Mattingly, a mere surety, and after its issual as a completed instrument.

2. The bill of exceptions signed by the presiding judge will be taken in preference to that of bystanders (Patterson v. Com., 86 Ky., 313, 5 S. W., 391), and, as it agrees strictly with the notes of the stenographer, it will be treated as conclusive. Ky. Stats., sec. 4639.

But in the present case there is, and could be, no bystander's bill, because (1) the judge made no correction, but simply approved the bill prepared in accordance with the notes of the stenographer, it agreeing with his recollection (Civil Code, sec. 337, sub-sec. 3), and (2) what purports to be a bystander's bill was not produced within the time given by the court, but at a subsequent term (Civil Code, sec. 334; Schneider, &c., v. Hesse, 11 Ky. Law Rep., 434), and (3) it was not signed by the judge who presided at the trial, and when the motion for a new trial was overruled (Stanford v. Parker, 12 Ky. Law Rep., 878; Deils v. Brown, 2 Ky. Law Rep., 214.)

3. Evidence that M. P. Mattingly, a mere surety, promised to pay

Edwards v. Mattingly, &c.

after he had been discharged, or after the maturity of the note, was clearly not competent (Sebree Deposit Bank v. Moreland, &c., 96 Ky., 150; 28 S. W., 154), and could not possibly relate to or illustrate any issue in the case.

4. The original answer, modified by an amendment, was not competent as part of the evidence, although it might be considered by the jury, as held by the court. The pleadings in another case than the one on trial may be read against the party making them, but it has never been held that the pleadings in the case on trial could be read as part of the evidence. (Roberts v. Tennell, 3 T. B. Mon., 248.)

But in this case this is not material as the court below announced that the pleading was before the court and jury, and might be considered by them, which had the same effect as reading it in evidence.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an appeal from a verdict rendered by direction of the judge of the Daviess Circuit Court, and the judgment entered pursuant thereto.

Appellant, who was the plaintiff below, sued on a note executed to John Thompson for $600. He alleged that appellees were the principals in the note, and he was the surety, and as such had paid the note, and taken an assignment therefor, and prayed judgment against appellees.

The appellee, M. P. Mattingly, answered that he was a co-surety with appellant of M. S. Mattingly, and only liable for one-half of the balance due on the note.

Appellant, Edwards, replied "that he did not sign the obligation sued on at the request of either of the defendants, but solely at the instance and request of the payee, after the note had been delivered to him by defendants, and that by such signing he only bound himself as guarantor for both of the defendants."

Appellee M. P. Mattingly thereupon amended his answer, and admitted the averment of appellant that he signed the note after its delivery to the payee, and solely at

his request, and pleaded "that such signature was a material alteration of the obligation, and that the note sued on was not his act and deed." Appellant, for reply to the amended answer, says he signed the obligation sued on under the following circumstances: "That the defendant, M. S. Mattingly, was in need of money, and desired to borrow $600, and he requested him to find some one who would lend him that sum; that, after trying elsewhere without success, he went to John Thompson, a personal friend, and applied to him for a loan for the said defendant, which he agreed to make upon the assurance that the note signed by the defendant was good and solvent; that he was present when the note was written and executed by the defendants, after which it was tendered to Thompson, but before the acceptance by him, or paying the money to the defendant, he asked plaintiff to sign said note as surety of defendants; that in the presence of M. S. Mattingly, and by his consent, he signed the note, and thereupon Thompson paid over the money; that Thompson would not have paid over the money to M. S. Mattingly excepting that he (plaintiff) had signed it; that he signed it as a guarantor, and not otherwise, and as such became surety for both defendants; that the statements in reply inconsistent with above were made by mistake." He also pleaded that after said note was executed, and with the knowledge that he had signed same, the defendant, Mattingly, agreed and promised to pay same on two occasions. This last averment was stricken out upon motion.

M. P. Mattingly, in his rejoinder to this amended reply, "denied that appellant was present when the note was written or signed by him, or that before Thompson accepted it or paid the money to M. S. Mattingly he asked the plaintiff to sign the note as surety for them, in the presence of M. S. Mattingly."

Subsequently appellant filed an amended petition, in which he alleged that before this transaction was begun, and after the note in suit became due, he paid it off at the special instance and request of M. P. Mattingly, who agreed and promised to refund the money to him. These averments were traversed in an amended reply.

A trial resulted in the judge directing a verdict for the defendant, which we are asked upon this appeal to reverse, a number of errors being relied upon.

The notes of the official stenographer show that upon the trial Thompson testified that he had turned the money over to Mattingly before appellant signed the obligation sued on, at his request; but the bill of exceptions signed by bystanders, many of whom were a part of the jury, show that this witness testified that Edwards signed the note at his request before he parted with the money, and that he would not have loaned the money, or accepted the note, if he had not done so. Both of these bills of exception are certified by the judge, who says that he can not say positively which answer is correct.

It is insisted that the court erred in refusing to allow the original answer of appellee to be read as evidence to the jury. The bill of exceptions, however, shows that the court offered to allow appellant to read all of the pleadings to the jury. We are of the opinion that this answer of appellee, which was signed and sworn to by him, was competent evidence against him, and that the court erred in rejecting it when offered alone.

But the most important error relied on for reversal is that the court refused to submit the issues raised by the pleadings to the jury.

This court has held in a number of cases that

[22]

the addition of the name of any obligor to a
a joint and several note, after its execution and delivery
to the payee, has the effect of rendering it inoperative
and void as to those who had previously signed it, unless
their consent, either express or implied, be given. See
Bank of Limestone v. Penick, 5 T. B. Mon., 25; Pulliam v.
Withers, 8 Dana, 98; Lilley v. Evans, 3 B. Mon., 417; Sharp's
Adm'r v. Suggett's Adm'r, 9 B. Mon., 8; Singleton v. Mc-
Querry, 85 Ky., 41, [2 S. W., 652].

These opinions rest upon the principle of law that the
delivery of the obligation to the payee, and the
payment of the money thereon by him, consum-
mated a contract between the parties, and any subse-
quent alteration of the contract which destroyed its iden-
tity, and changed the evidence in respect to the transac-
tion to which it related, rendered it void, and that the
adding of another obligor by the payee, without the as-
sent of those previously bound, was such a material al-
teration of the obligation as to amount to a novation.
But this court has never held, so far as we are advised,
that the addition of another security to an obligation,
which was executed for the express purpose of borrowing
money, before its delivery to the payee, even when done
without the assent of parties previously bound thereon,
rendered such instrument void as to them, and there is
no reason why it should have this effect. The addition of
another security did not increase the liability of those
already bound, and it can be reasonably presumed that
the principal in such an obligation had implied authority
from the surety previously bound to consent to or secure
such additional name, when necessary to effect the object
for which the note was executed; and we are of the opinion
that such an addition may be made at any time before

its final delivery to the payee without invalidating it, provided it does not prejudicially affect the rights of persons who have executed it before such alteration.

The question whether or not appellant signed his name before the completion of the transaction by which the money was obtained from Thompson was a matter of fact, which should have been submitted to the jury; but having voluntarily assumed the obligation imposed upon sureties, by signing the note sued on, appellant occupies no better attitude than his co-surety, and in no contingency is entitled to recover more than half the amount paid by him from his co-surety.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.