CASE 64—ACTION ON A PROMISSORY NOTE—APRIL 18.

# Brey v. Hagan and Others.

APPEAL FROM DAVIESS CIRCUIT COURT.

.JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

ALTERATION OF NOTE—SIGNING BY ADDITIONAL SURETY.

Held: A surety in a note was not released by the addition of a name
of another surety without his consent before the delivery of the
note to the payee.

LITTLE & LITTLE, ATTORNEYS FOR APPELLANT.

POINTS CONTENDED FOR AND AUTHORITIES.

1. A note executed by a principal in renewal, was entrusted to payee
to secure signature of S. H. (surety on original note) and the
signature was procured and the note returned, (as had been
agreed), by payee to principal to get other sureties. After oth-
er sureties were obtained, the new note was sent to the payee,
who thereupon surrendered the original note. In this state of
case S. H. was not discharged because of alteration of the note,
although he did not know that other sureties were to be pro-
cured.

2. Although nothing being said, S. H. may have understood when he
returned the note to the payee that it was a "finished instru-
ment," yet if the payee did not likewise understand it to be a
finished instrument" and did not accept it "with intent to re-
ceive title," but only for the purpose of returning it to the
principal to obtain other sureties, S. H. is not released because
such other sureties were obtained. 4 Am. & Eng. Ency., (2 ed.),
202; McCormick, H. S. M. Co. v. Faulkner, 58 A. S. R., 839;
Wilson v. Powers, 131 Mass., 539.

3. If a maker may show that a note placed in the hands of the payee, was not to become operative until signed by others, the payee may also so show.

4. The principal in a note may obtain additional sureties at any time before final delivery and it will be presumed that he had implied authority from first sureties. Edwards v. Mattingly, 21 Ky. Law Rep., 1045.

5. Even if first surety be released because without his knowledge or consent, a second surety signed the note, yet the second surety will be bound. 2 Am. & Eng. Ency. (2 ed.) 234.

6. Where two and a half years after executing the note, S. H. and T. I. H. procured the principal to execute to them a joint mortgage to indemnify them as sureties, if they are not estopped by accepting the mortgage to plead that S. H. was released because T. I. H. signed without his knowledge, yet they will not be heard to say that they accepted and had the mortgage recorded without notice of its contents.

A defendant sued on a note, pleaded that he had been adjudged a bankrupt. It was error to dismiss the action prior to the defendant's discharge, and even then he was not entitled to a judgment for costs, and it was error to give him such judgment.

WILFRED CARRICO, ATTORNEY FOR APPELLEES.

### POINTS AND AUTHORITIES.

Stanley as principal with S. Hagan as his surety, executed and delivered to Brey, the payee, their note, in renewal of the old note executed by them and R. M. Hagan who had since died; which new note is accepted by the payee. Afterwards the principal, at the instance of the payee, without the knowledge or consent of the surety, procures another to sign the note as surety and re-delivers it to the payee. Subsequently the principal at the instance of the payee and without the knowledge or consent of either surety, procures the signature of a third surety to said note and re-delivers it to the payee.

There are two material alterations of the note and the first two sureties are, by reason thereof, released from liability on said note. Bank of Limestone v. Penick, 5 T. B. M., 33; Pulliam v. Withers, 8 Dana, 98; Singleton v. McQuerry, 8 L. R., 710; Am. & Eng. Ency., (2 ed.) vol. 2, pp. 232, 233, 85 186; Am. & Eng. Ency., (1 ed.) vol. 24, p. 842; Gardner v. Walsh, note 2, p. 842; Wallace v. Jewell, 8 Am. R., 48; Parsons on Bills and Notes, vol. 2, p. 556.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

Appellant, Brey, instituted this action against N. G. Stanley, Sylvester Hagan, Thomas J. Hagan, and William M. McAllister on a note signed by all the parties for the sum of $1,384.19. Appellees McAllister and the Hagans filed answers presenting the issue of a material alteration in the note, and pleading that by reason of such alteration the note is void as to them, all being sureties of Stanley. The facts of alteration as pleaded are that the note was a renewal of a former note of Stanley, and was first signed by Stanley and Sylvester Hagan and delivered to and accepted by appellant, and subsequently, without the knowledge or consent of Sylvester Hagan, the signature of Thomas J. Hagan was also procured to the note, when it was again delivered to and accepted by appellant, and that subsequently to this the signature of McAllister was procured to the note without the knowledge or consent of either of the Hagans, when it was redelivered to and accepted by appellant. This plea was denied, and on trial before the court without a jury the court found the facts as follows: "I find from the evidence the facts in this case to be that the note sued on was executed in renewal of a note theretofore held by plaintiff, executed by defendant Stanley and others for borrowed money. This note was prepared at the house of Stanley, and signed by him alone, and given into the hands of plaintiff, with request by Stanley that he procure the name of Hagan to it as his surety. Brey did present the note to Hagan, with the request that he sign it as Stanley's surety, which he did. Nothing was said about others signing it, and Hagan knew nothing of the names added until the suit was brought on it. It was understood between Brey and Stanley that other sureties were to be added, and Brey sent

it back to Stanley for the additional names. He procured the additional name of Thomas J. Hagan, returned it to Brey, when he returned it again to Stanley for an additional name, which was procured,—W. M. McAllister signing it as the fourth surety,—when plaintiff accepted the note as satisfactory, and the old note was then given up. It appears that S. Hagan had no knowledge or notice of the latter signature." On these facts the trial court adjudged that both S. Hagan and Thomas J. Hagan were released, and because of their release McAllister was, also, and then rendered judgment in favor of these three defendants for costs; hence this appeal.

We are of opinion that the judgment rendered herein is erroneous, upon the facts found. The case of Edwards v. Mattingly (a case to be reported, decided since the judgment herein was rendered), 53 S. W., 1032, (21 Ky. L. R., 1045) is decisive of this case. The court, by Mr. Justice Burnam, said: "These opinions [referring to Singleton v. McQuerry, 85 Ky., 41, ( 2 S. W., 652); Shipp's Administrator v. Suggett's Administrator, 9 B. Mon., 8; Lilley v. Evans, 3 B. Mon., 417; Bank v. Penick, 5 T. B. Mon., 25; and Pulliam v. Withers, 8 Dana, 98] rested upon the principle of law that the delivery of the obligation to the payee, and the payment of the money thereon by him, consummated a contract between the parties, and any subsequent alteration of the contract which destroyed its identity and changed the evidence in respect to the transaction to which it related rendered it void, and that the adding of another obligor by the payee without the assent of those previously bound was such a material alteration of the obligation as to amount to a novation. But this court has never held, so far as we are advised, that the addition of another security to an obligation, which was executed for the express purpose of borrowing

money, before its delivery to the payee, even when done without the assent of parties previously bound thereon, rendered such instrument void as to them; and there is no reason why it should have that effect. The addition of another security did not increase the liability of those already bound, and it can be reasonably presumed that the principal in such an obligation had implied authority from the surety previously bound, to consent to or secure such additional name, when necessary to affect the object for which the note was executed; and we are of opinion that such an addition may be made at any time before its final delivery to the payee, without invalidating it, provided it does not prejudicially affect the rights of persons who have executed it before such alteration." This expression of the court is applicable to, and decisive of, the question here. Upon the findings, the judgment should have been for appellant. Wherefore the judgment is reversed, and cause remanded for a new trial, and for proceedings consistent herewith.

Petition for rehearing by appellees overruled.