JOHN T. MARTIN, ANDREW PROUDFIT, AND JOHN KEEFE, PLAIN-TIFFS IN ERROR, *v.* WILLIAM H. THOMAS AND ROBERT A. BAKER, ADMINISTRATORS OF MAJOR J. THOMAS, DECEASED, USE OF GEORGE T. ROGERS.

Where there was an action of replevin in Wisconsin, by virtue of which the property was seized by the marshal, and a bond was given by the defendant in replevin, together with sureties, the object of which was to obtain the return of the property to the defendant; which bond was afterwards altered, by the principal defendant's erasing his name from the bond, with the knowledge and consent of the marshal but without the knowledge or consent of the sureties, the bond was thereby rendered invalid against the sureties.

THIS case was brought up by writ of error from the District Court of the United States for the district of Wisconsin.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. Doolittle* and *Mr. Ewing* for the plaintiffs in error, and by *Mr. Reverdy Johnson,* upon a brief filed by himself and *Mr. Hopkins,* for the defendants.

The counsel for the plaintiffs in error made the following points:

I. The bond upon which judgment was recovered was invalid as against the defendants, because after the same was executed by them as sureties, Remington, their principal, without their knowledge or consent, and with the consent of the marshal, erased his name from the bond.

> Hunt's Adm. *v.* Adams, 6 Mass., 521.
>
> Speake et al. *v.* U. S., 9 Cranch, 35.
>
> Miller *v.* Stewart, 9 Wheaton, 702, 703.

II. After the execution of the bond by the defendants to be delivered to the marshal, it was refused and disagreed to by him, and it thereby became void. Any subsequent alteration would create a new deed requiring a new execution, or positive assent to the same, to give it validity against the defendants.

> O'Neale *v.* Long, 4 Cranch, 60, 62.
>
> See Sheppard's Touchstone, 70, 394, as to the effect of disagreement.

III. There was no breach of the condition of the bond.

The obligors undertook to deliver the property in question to the marshal, if such delivery were adjudged, and to pay him such sum as might for any cause be recovered against the defendants, Henry W. Remington and John T. Martin, jun.

The return of the property was not adjudged, and there was no recovery of any sum of money against the defendants. The recovery was against one only.

See Miller v. Stewart, 9 Wheaton, 702, 703, and the cases cited.

The counsel for the defendants in error maintained that the alterations of the bond were immaterial, and cited:

15 John., 293; 1 Wend., 659; 10 Conn., 192.

18 Pick., 172; 5 Mass., 538; 2 Barb. Ch'y. R., 119.

16 N. Y. Rep., 439; 3 Comsk. R., 188.

1 Greenleaf, (Maine Rep.,) Hale v. Russ.

1 Coke's Rep., 60.

Mr. Justice McLEAN delivered the opinion of the court.

This is a writ of error to the district court of the United States for the district of Wisconsin.

The action was replevin; the pleadings being filed, a jury was called, who rendered a verdict in damages for nine thousand seven hundred and eighty dollars and ninety-six cents, with costs.

In the course of the trial a bill of exceptions was filed, on which the questions of law were raised. Be it remembered, that at the trial of the above-entitled action, the plaintiff produced an instrument in writing in the words and figures, and with interlineations and erasures following, to wit:

Know all men by these presents, that we and John T. Martin, and John Keefe, and Andrew Proudfit, are held and firmly bound unto Major J. Thomas, marshal of the United States for the Wisconsin district, in the sum of twenty thousand dollars, to be paid, &c.

Whereas the defendants have required the return of property replevied by the marshal, at the suit of George T. Rogers against Henry M. Remington and John T. Martin, jun.; now,

the condition of this obligation is such, that if the said defendants in said suit shall deliver to the marshal said property, if such delivery be adjudged, and shall pay to him such sum as may for any cause be recovered against the defendants, then this obligation to be void.

The bond upon which judgment was recovered was void, as against the defendants, because, after the same was executed by them as sureties, Remington, their principal, without their knowledge or consent, and with the consent of the marshal, erased his name from the bond.

In Miller *v.* Stuart, 9 Wheat., 702, Mr. Justice Story said, nothing can be clearer, both upon principle and authority than the doctrine that the liability of a surety is not to be extended, by implication, beyond the terms of his contract. To the extent, and in the manner, and under the circumstances, pointed out in the obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and an alteration of it is made, it is fatal.

Hunt's Adm. *v.* Adams, 6 Mass., 521.

2. After the execution of the bond by the defendants, to be delivered to the marshal, it was refused and disagreed to by him, and it thereby became void. Any subsequent alteration would require a new deed or positive assent to the same, to make it valid against the defendants.

Sheppard's Touchstone, 70, 394.

The judgment is reversed.