## TREDWAY *v.* SANGER.

The indorsee of " a promissory note negotiable by the law merchant," which the maker secured by a mortgage of land to the payee, is not precluded from maintaining a foreclosure suit in a court of the United States by the fact that the maker and the payee are citizens of the same State.

APPEAL from the Circuit Court of the United States for the District of California.

Tredway and Kettelman, citizens of California, having made two negotiable promissory notes to McLaughlin, a citizen of that State, executed, to secure the payment of them, to him a mortgage upon lands there situate. The notes were assigned to Sanger, a citizen of Pennsylvania, who filed in the court below his bill of foreclosure against Tredway and Kettelman. They set up by plea that the assignment of the notes was merely colorable, in order to give that court jurisdiction. The court found that the plea was untrue and insufficient. A decree was rendered in favor of the complainant, reciting that there was due to him the amount of the note, ordering a sale of the mortgaged premises to satisfy the same, and providing that if the proceeds of the sale be insufficient to pay the debt, interest, and

costs, that " the clerk should docket a judgment for the amount
of such deficiency," and execution be issued against the defend-
ants therefor.    They thereupon appealed.

*Mr. A. Chester* for the appellants.

It appears by the record that the appellants and McLaugh-
lin are citizens of the same State.  ·The foreclosure of a mort-
gage, to use the language of this court in *Sheldon* v. *Sill,* 8
How. 441, " is the pursuit by action of one debt in two instru-
ments or securities, — the one general, the other special."    The
act of March 3, 1875, c. 137, upon which the appellee relies,
relates solely to an action to recover the contents of a negoti-
able security, whereas this suit is brought to sell the land
and foreclose the mortgagors' equity of redemption.    A mort-
gage is a chose in action ; and where the parties to it are citi-
zens of the same State, an assignee is not entitled to maintain
suit thereon in a court of the United States.

·   *Mr. Henry Beard* and *Mr. Charles H. Armes* for the ap-
pellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

There is but a single question presented by this appeal, to
wit, whether, if a promissory note, negotiable by the law mer-
chant, is made by a citizen of one State to a citizen of the
same State, and secured by a mortgage from the maker to the
payee, an indorsee of the note can, since the act of March 3,
1875, c. 137, sue in the courts of the United States to foreclose
the mortgage, and obtain a sale of the mortgaged property.

It was held in *Sheldon* v. *Sill,* 8 How. 441, that such a suit
could not be maintained under the eleventh section of the
Judiciary Act of 1789, because in equity the mortgage was but
an incident of the debt, and as the indorsee could not sue on
the note, he could not sue to enforce the mortgage.    The lan-
guage of Mr. Justice Grier, speaking for the court in that case,
is this : " The complainant in this case is the purchaser and
assignee of a sum of money, a debt, a chose in action, not of a
tract of land.    He seeks to recover by this action a debt as-
signed to him.    He is, therefore, the ' assignee of a chose in
action,' within the letter and spirit of the act of Congress

under consideration, and cannot support this action 1 . the Circuit Court of the United States, where his assignor could not." p. 450. This clearly implies that if a suit could be brought on the note, it could for the foreclosure of the mortgage, should there be no other objection to the jurisdiction than the citizenship of the payee and maker.

In the Judiciary Act of 1789 it was expressly provided that the Circuit Courts could not take cognizance of a suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the contents, if no assignment had been made, except in cases of foreign bills of exchange. The act of 1875, however, removes this restriction in suits on " promissory notes negotiable by the law merchant; " and now the jurisdiction in such suits is made to depend on the citizenship of the parties, as in other cases.

Since, therefore, the indorsee could have sued in the Circuit Court on the note now in question, it follows that, as there is no objection to the jurisdiction other than the citizenship of the original payee, the suit to foreclose the mortgage was properly brought.

*Decree affirmed.*