## MERSMAN *v.* WERGES & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF IOWA.

Argued October 17, 1884.—Decided November 3, 1884.

The addition of the signature of a surety to a promissory note, without the consent of the maker, does not discharge him.

A mortgage executed by husband and wife of her land, for the accommodation of a partnership of which the husband is a member, and as security for the payment of a negotiable promissory note made by the husband to his partner and indorsed by the partner for the same purpose, and to which note the partner, before negotiating it, adds the wife's name as a maker, without the consent or knowledge of herself or her husband, is not thereby avoided as against one who, in ignorance of the note having been so altered, lends money to the partnership upon the security of the note and mortgage.

Under the act of March 3, 1875, ch. 137, the Circuit Court has jurisdiction of a suit between citizens of different States to foreclose a mortgage made to secure the payment of a negotiable promissory note of which the plaintiff is indorsee, although the payee and mortgagee is a citizen of the same State with the defendant.

This is a bill in equity, filed in the Circuit Court of the United States for the District of Iowa by Joseph J. Mersman, a citizen of Missouri, against Caspar A. Werges and wife, citizens of Iowa, to foreclose a mortgage of her land in Iowa, executed on September 1, 1870, by the husband and wife to E. H. Krueger, likewise a citizen of Iowa, " to be void upon condition that the said Caspar A. Werges shall pay to the said E. H. Krueger the sum of six thousand dollars as follows, viz., one year from date, with ten per cent. interest thereon, according to the tenor and effect of his promissory note of even date herewith."

The bill originally set forth the note as signed by both husband and wife, but, after the coming in of the answer, was amended by leave of court so as to allege it to be the note of the husband only. The case was heard upon pleadings and proofs, by which it appeared to be as follows:

The husband and Krueger were members of a partnership engaged in carrying on a mill, Krueger being the active partner, and Werges and his wife living on a farm which belonged

to her.  The plaintiff agreed with Krueger to lend to the husband, for the benefit of the partnership, $6,000 on the security of the farm; and the wife agreed, for the accommodation of the partnership, to execute a mortgage of the farm.  The husband signed a note, payable to Krueger or order, and corresponding in terms with the mortgage; and the husband and wife executed the mortgage, and delivered the note and mortgage to Krueger.  While they were in Krueger's hands, the name of the wife was subscribed to the note, under that of the husband, by Krueger or by his procurement, without the knowledge or consent of either husband or wife.  Krueger indorsed the note, and delivered the note and mortgage to the plaintiff, who thereupon, not knowing that the wife had not herself signed the note, advanced the money to him for the partnership.

The Circuit Court held that the addition of the wife's name to the husband's note was a material alteration of the note, and made void the mortgage; and dismissed the bill.  See 1 McCrary, 528.  The plaintiff appealed.

*Mr. C. H. Gatch* for appellant.

*Mr. Galusha Parsons* for appellees.—The alteration in the note discharged both Werges and his wife from liability both on the note and on the mortgage.  It changed the liability of Mrs. Werges from that of surety to original debtor.  Any alteration of a written instrument will discharge a surety.  *McMicken* v. *Webb*, 6 How. 292, 298; *Smith* v. *United States*, 2 Wall. 219; *Martin* v. *Thomas*, 24 How. 315; *Wood* v. *Steele*, 6 Wall. 80; *Adams* v. *Frye*, 3 Met. (Mass.) 103; *Laub* v. *Payne*, 46 Iowa, 550.  The liability of a surety cannot be extended by implication beyond the terms of the contract.  *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Boecker*, 21 Wall. 652, 657.  Any alteration in a contract which destroys its identity and changes the evidence in respect to the transaction to which it relates will avoid it.  *Davidson* v. *Cooper*, 13 M. & W. 343, 352; *Hall* v. *McHenry*, 19 Iowa, 521; *Wallace* v. *Jewell*, 21 Ohio St. 163; *Murray* v. *Graham*, 29 Iowa, 520;

*Dickerman* v. *Miner,* 43 Iowa, 508; *Hamilton* v. *Hooper,* 46 Iowa, 515; *Fay* v. *Smith,* 1 Allen, 477; *Draper* v. *Wood,* 112 Mass. 315. The note and mortgage are to be considered together in a suit for the foreclosure of the mortgage. *Kennedy* v. *Ross,* 25 Penn. St. 256. The jurisdiction of the Circuit Court attached only because of the negotiability of the note. That failing, the bill should have been dismissed.

MR. JUSTICE GRAY delivered the opinion of the court. He stated the facts in the foregoing language and continued:

This court is of opinion that the decree of the Circuit Court cannot be sustained. The difference of opinion is not upon the facts of the case, but upon their legal effect.

A material alteration of a written contract by a party to it discharges a party who does not authorize or consent to the alteration, because it destroys the identity of the contract, and substitutes a different agreement for that into which he entered. In the application of this rule, it is not only well settled that a material alteration of a promissory note by the payee or holder discharges the maker, even as against a subsequent innocent indorsee for value; but it has been adjudged by this court that a material alteration of a note, before its delivery to the payee, by one of two joint makers, without the consent of the other, makes it void as to him; and that any change which alters the defendant's contract, whether increasing or diminishing his liability, is material, and therefore the substitution of a later date, delaying the time of payment, is a material alteration. *Wood* v. *Steele,* 6 Wall. 80. See also *Angle* v. *Northwestern Insurance Co.* 92 U. S. 330; *Greenfield Savings Bank* v. *Stowell,* 123 Mass. 196, and cases there cited.

The present case is not one of a change in the terms of the contract, as to amount or time of payment, but simply of the effect of adding another signature, without otherwise altering or defacing the note. An erasure of the name of one of several obligors is a material alteration of the contract of the others, because it increases the amount which each of them may be held to contribute. *Martin* v. *Thomas,* 24 How. 315; *Smith* v. *United States,* 2 Wall. 219. And the addition of a new person

as a principal maker of a promissory note, rendering all the promisors apparently jointly and equally liable, not only to the holder, but also as between themselves, and so far tending to lessen the ultimate liability of the original maker or makers, has been held in the courts of some of the States to be a material alteration. *Shipp* v. *Suggett*, 9 B. Monroe, 5; *Henry* v. *Coats*, 17 Indiana, 161; *Wallace* v. *Jewell*, 21 Ohio St. 163; *Hamilton* v. *Hooper*, 46 Iowa, 515. However that may be, yet where the signature added, although in form that of a joint promisor, is in fact that of a surety or guarantor only, the original maker is, as between himself and the surety, exclusively liable for the whole amount, and his ultimate liability to pay that amount is neither increased nor diminished; and, according to the general current of the American authorities, the addition of the name of a surety, whether before or after the first negotiation of the note, is not such an alteration as discharges the maker. *Montgomery Railroad* v. *Hurst*, 9 Alabama, 513, 518; *Stone* v. *White*, 8 Gray, 589; *McCaughey* v. *Smith*, 27 N. Y. 39; *Brownell* v. *Winnie*, 29 N. Y. 400; *Wallace* v. *Jewell*, 21 Ohio St. 163, 172; *Miller* v. *Finley*, 26 Michigan, 248.

The English cases afford no sufficient ground for a different conclusion. In the latest decision at law, indeed, Lord Campbell and Justices Erle, Wightman and Crompton held that the signing of a note by an additional surety, without the consent of the original makers, prevented the maintenance of an action on the note against them. *Gardner* v. *Walsh*, 5 El. & Bl. 83. But in an earlier decision, of perhaps equal weight, Lord Denman and Justices Littledale, Patteson and Coleridge held that in such a case the addition did not avoid the note, or prevent the original surety, on paying the note, from recovering of the principal maker the amount paid. *Catton* v. *Simpson*, 8 Ad. & El. 136; *S. C.* 3 Nev. & Per. 248. See also Gilbert on Evidence, 109. And in a later case, in the Court of Chancery, upon an appeal in bankruptcy, Lords Justices Knight Bruce and Turner held that the addition of a surety was not a material alteration of the original contract. *Ex parte Yates*, 2 DeG. & Jon. 191; *S. C.* 27 Law Journal, (N. S.), Bankr. 9.

The case at bar, being on the equity side of the court, is to

be dealt with according to the actual relation of the parties to the transaction, which was as follows : The note, though in form made by the husband to his partner, Krueger, and indorsed by Krueger, was without consideration as between them, and was in fact signed by both of them for the benefit of the partnership. The mortgage of the wife's land was executed and delivered by her and her husband to Krueger for the same purpose. The name of the wife was signed to the note by Krueger, or by his procurement, before it was negotiated for value. The plaintiff received the note and mortgage from Krueger, and advanced his money upon the security thereof, in good faith and in ignorance that the note had been altered. If the wife had herself signed the note, she would have been an accommodation maker, and, in equity at least, a surety for the other signers ; and neither the liability of the husband as maker of the note, nor the effect of the mortgage executed by the wife, as well as by the husband, to secure the payment of that note, would have been materially altered by the addition of her signature. There appears to us, therefore, to be no reason why the plaintiff, as indorsee of the note, seeking no decree against the wife personally, should not enforce the note against the husband, and the mortgage against the land of the wife.

This suit, being between citizens of different States, and founded on a negotiable promissory note, the indorsement of which to the plaintiff carried with it as an incident, in equity, the mortgage made to secure its payment, was within the jurisdiction of the Circuit Court, under the act of March 3, 1875, ch. 137, although Krueger, the payee and mortgagee, could not have maintained a suit in that court. 18 Stat. 470; *Sheldon* v. *Sill*, 8 How. 441, 450 ; *Treadway* v. *Sanger*, 107 U. S. 323. *Decree reversed.*