A. E. BARNES ET AL. V. VAN KEUREN & FLOYD.

[FILED JANUARY 13, 1891.]

1. **Negotiable Instruments:** PLEADING. In an action upon a a promissory note, where the petition alleges the execution and delivery of the note, sets out a copy of the same, and alleges that no part thereof has been paid, and that a specified sum is due thereon to the plaintiff from the maker, it is not necessary to attach a copy of the note to the pleading.

2. ———: SURETIES ADDED AFTER DELIVERY. The addition of the name of a surety to a promissory note, after its delivery to the payee, without the knowlege or consent of the maker, is not such an alteration of the instrument as will discharge the maker.

3. ———: ———. To bind the surety in such a case a new consideration must be established.

ERROR to the district court for Dixon county. Tried below before POWERS, J.

*John B. Barnes*, for plaintiff in error, cited, contending that the petition should have been made more definite and certain by attaching copies of the notes : Code, sec. 124; *Dorrington v. Meyer*, 8 Neb., 214; *Ryan v. State Bank*, 10 Id., 527. That the signatures of co-makers, after the delivery of the note, require a new consideration : 2 Randolph, Com. Paper, sec. 446; *Green v. Shepherd*, 5 Allen [Mass.], 589; *Clopton v. Hall*, 51 Miss., 482; *Briggs v. Downing*, 48 Ia., 550.

*G. L. Wood*, and *Davis & Gantt*, contra, after distinguishing the case at bar from *Briggs v. Downing*, *supra*, cited, as to the motion to make the petition more definite and certain : Maxwell, Pl. & Pr. [4th Ed.], 183; Code, sec. 129.

NORVAL, J.

This action was brought in the district court of Dixon county by Van Keuren & Floyd on three promissory notes, signed by W. T. Chapman, A. E. Barnes, A. Reynolds, and J. B. Barnes. Judgment was rendered for the plaintiff, and all but Chapman prosecute a petition in error.

Two questions are presented for our consideration: First—Did the court err in overruling the motion of defendants to require the plaintiff to attach copies of the notes to the petition? Second—Did the court err in sustaining the demurrer to the answer?

The petition contains three counts, each based upon different promissory notes. Each count alleges the making and delivery of a note, sets out a copy of the same, alleges that no part thereof has been paid, and avers the amount due thereon from the defendants to the plaintiff. This was sufficient. It was not necessary to attach copies of the notes to the pleading. The petition was framed under the provisions of section 129 of the Code, which provides that "In an action, counter-claim, or set-off, founded upon an account, promissory note, or bill of exchange or other instrument, for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and indorsements thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specified sum, which he claims with interest." A copy of the instrument sued on is only required to be attached to the pleading, when it is not copied into the pleading. (*Gage v. Roberts,* 12 Neb., 276).

The defendants, A. E. Barnes, A. Reynolds, and J. B. Barnes, answered for themselves, admitting the signing of the notes and denying every other allegation of the petition. The answer also alleges, in substance, that the an-

swering defendants signed the notes as sureties for the defendant W. T. Chapman, without any consideration therefor, at the special instance and request of the plaintiff; that the principal maker of the notes never requested the defendants to sign the same, but that the same was done for the plaintiff's accommodation after the delivery of the notes by the principal maker thereof.

A general demurrer to the answer was sustained.

It is essential to the validity of a promissory note that it be based upon a sufficient consideration; something that is either of advantage to promisor or prejudice to the promisee. Testing the allegations of the answer by this elementary rule, are the sureties upon the notes bound? We think not. The notes had already been executed and delivered by Chapman, the principal maker, when they were signed by the sureties. Had they signed before their delivery, the consideration, moving to the principal maker, would have been sufficient to uphold the promise of the sureties. Having executed the notes after their delivery, the undertaking of the sureties was a collateral one, requiring a new consideration to give it validity. There being no new consideration, the notes cannot be enforced as against the sureties. (*Kansas Mfg. Co. v. Gandy*, 11 Neb., 448.) In the cited case one J. L. Gandy gave his note to the plaintiff September 16, 1878. In December following its delivery Gandy's wife gave a mortgage on her real estate to secure the note. There being no extension of the time of payment, nor any new consideration, it was held that the mortgage was invalid.

The position of the plaintiff is, that the sureties having signed the notes without the knowledge or consent of the principal debtor, was a material alteration of the instruments, which released him, and the injury thus done the plaintiff was a sufficient consideration to sustain the promise of the sureties. *Dickerman v. Miner*, 43 Ia., 508, and *Hamilton v. Hooper*, 46 Id., 515, cited by defendant in

error, sustained this contention. The reasoning of those cases is not convincing to our mind. It is not every alteration of a promissory note that will discharge the maker. To have that effect the change must be a material one, something either of advantage or detriment to the promisor. The alteration in the case at bar was an immaterial one. Chapman's liability was neither increased nor lessened by the change. He was liable for the whole debt in any event. As was well said by Justice Campbell, in considering the same question, in his opinion in *Miller v. Finley,* 26 Mich., 249: "Where there is no surety, the principal is liable to be sued severally and made to pay the whole debt, if he has any property liable to execution. His liability on a joint judgment is precisely the same. His property is primarily liable, and if he has enough to pay the judgment, and it is paid by him, or out of his property, he has no further concern with the surety, as he can have no right of contribution for his own debt. The fact that he may not pay does not in any way affect the nature or extent of his judgment obligation. A surety may, perhaps, in some cases, be injuriously affected by an addition to the number of sureties, where there is more than one already; as, in case of the bankruptcy of any of them, his obligation to pay may be increased, and his right of contribution against co-sureties diminished by the change. But, as the principal is bound to pay the whole debt without contribution, his liability cannot possibly be changed by the addition of sureties. We think, therefore, that the original maker of the note could not complain of the procurement of his father's signature, and that he could not be discharged thereby."

In *Mersman v. Werges,* 112 U. S., 139, the name of a surety was added to a promissory note after its delivery without the knowledge or consent of the maker; it was held not to be such an alteration as released the maker. The same doctrine is fully sustained by the following

authorities: Daniel on Neg. Inst., sec. 1389; 1 Randolph on Commercial Paper, sec. 446; *Partridge v. Colby,* 19 Barb., 248; *McCaughey v. Smith,* 27 N. Y., 39; *Stone v. White,* 8 Gray, 589; *Green v. Shepherd,* 5 Allen, 589.)

We are satisfied, upon principle and authority, that Chapman was not discharged from his liability as maker of the notes by the adding of the names of the sureties.

If the views which we have expressed are sound, it follows that the demurrer to the answer should have been overruled. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.