TAYLOR vs ACOM.

Opinion delivered April 2, 1898.

*1. Promissory Note—Procuring Additional Maker not a Material Alteration.*

A note is not vitiated by procuring an additional maker to the note at the request of the payee without the knowledge or consent of the maker already bound, because it is not a material alteration, and in no ways changes the original maker's liability.

*2. Party Signing Promissory Note After Execution and Delivery Becomes Surety.*

After the execution of a promissory note, the payee obtained the signature of the wife of the maker to the note without the

knowledge or consent of the husband of the original maker. *Held*, That the wife was a surety on the note.

Appeal from the United States Court for the Northern District.

WM: M. SPRINGER, Judge.

Suit upon promissory note by Henry O. Acom against Henry Taylor. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action brought to recover a judgment upon the following note: "Deering, Kansas, January 12th, 1892. Twelve months after date we promise to pay to the order of H. O. Acom three hundred ($300.00) dollars, with interest at the rate of ten per cent. per annum from date until paid. [Signed] Henry Taylor. Jane C. Taylor." Indorsed as follows: "August 11th, 1892. Received on this note $6.00" There is also an action upon an account, but, as that is not urged in this court, it will not be considered. The only question is raised on the note. Defendant, Henry Taylor, who is the only one sued in this action, filed his answer, admitting that on the 12th day of January, 1892, at Deering, Kan., he made, executed, and delivered to the plaintiff a certain promissory note for the sum of $300, with interest at the rate of 10 per cent. per annum from date, and signed the same, and delivered it to the plaintiff, Henry O. Acom; but he denies executing any note to the plaintiff for the sum of $300, or any other sum, jointly with one Jane C. Taylor, as is set forth in Exhibit A to plaintiff's complaint, and says that, after the execution and delivery of said note by defendant, the said plaintiff, without the knowledge or consent of defendant, procured the said Jane C. Taylor to sign said note as a joint maker, and thereby rendered said note as to defendant utterly void. The plaintiff, for reply to defendant's

first ground of defense, says that he denies each and every material allegation therein contained not hereinafter admitted. Further replying, plaintiff says that he admits the execution of the said note by the defendant as set forth, and admits that plaintiff procured the signature of the wife, Jane C. Taylor, without the knowledge or consent of the defendant, but avers the fact to be that the said Jane C. Taylor, wife of defendant aforesaid, signed said note as surety or guarantor; that the said Jane C. Taylor did not in fact sign said note as joint maker, but only in form. By agreement of parties, a jury was waived, and the case submitted to the court, and the court found for the plaintiff, and rendered his decision upon the law and the facts in words and figures as follows, to wit: "The plaintiff is therefore entitled to recover the sum of $300, which is the face of the note, and interest at ten per cent. from January 12, 1892, to this date, which, added to the principal, the amount due on the note would be $444.55, with interest thereon at 10 per cent. per annum from this date, Nov. 7, 1896, until paid; also entitled to a further judgment for $3.25 and interest thereon from this date at six per cent. until paid." To the decision of the court counsel for defendant excepted. Defendant moved for a new trial, which motion was overruled by the court, and to the judgment of the court overruling the motion the defendant excepted, and judgment was rendered upon the findings of the court; whereupon defendant appealed to this court.

*G. B. Denison* and *Napoleon B. Maxey* for appellant.

If the wife becomes the surety of the husband after execution and delivery of a note, without his knowledge and consent, it is a material alteration and avoids the note Savings Bank vs Schaffer, 1 N. W. 980; Davis vs Eppler, 1 Pa. 793; Pereau vs Frederics, 22 N. W. 235; Evans vs Law

ton, 34 Fed. 233; Flannigan vs Phelps, 43 N. W. 1113; For-
dyce vs Kosminski, 49 Ark. 40; Wilson vs Hayes, 42 N. W.
467; Sullivan vs Rudisill, 18 N. W. 856; Browning vs Gos-
nell, 59 N. W. 340; Warder vs Willyard, 24 A. S. R. 250;
Gettysburg National Bank vs Chisholm, 47 A. S. R. 929;
Newman vs King, 56 A. S. R. 705; Singleton vs McQuerry,
2 S. W. 652; Montgomery vs Crossthwait, 8 So. 498.

*Harrison O. Shepard* for Appellee.

The addition of the wife's name was an immateria
alteration for the reason it did not change the original
maker's liability in any manner. Mersman vs Werges, 112
U. S. 139; 28 L. C. P. Co. 641; 5 Sup. Ct. Rep. 65; Barnes
vs Vaukenson, 47 N. W. 848; Miller vs Finley, 26 Mich. 249;
Daniels Neg. Int. (4th ed.) §1389, and note; Williams vs
Jenson, 75 Mo. 681; Reilly vs First National Bank (Ill.) 35
N. E. 1120; Wallace vs Jewell, 21 Ohio St. 172; McCoughey
vs Smith, 27 N. Y. 39; Brownwell vs Winnie, 29 N. Y. 400;
R. R. Co. vs Hurst, 9 Ala. 513; Stone vs White, 8 Gray 589;
3 Randolph Com. Paper § 1745 and cases cited.

TOWNSEND, J. (after stating the facts). The appel-
lant has filed 10 specifications of error, as follows, to wit:
"(1) In allowing the witness Acom, plaintiff, to testify, over
the objection of the defendant, as to the object for which he
procured the signature of Jane C. Taylor to the note, which
error was excepted to at the time. (2) In permitting the
witness Acom to testify, over the objection of the defendant,
to conversation with Jane C. Taylor in the absence of her
husband, which error was excepted to at the time. (3) In
declaring the law to be that 'no new contract was made in
which the maker and payee participated, and the signing
of this note by the wife either made a new contract (and if
it did it was void as to the other maker, because his mind had

not met the mind of the payee), or it was merely a guaranty or surety of the note,' which error was excepted to at the time. (4) In declaring the law to be, 'to hold that this note was rendered void, and that the maker of it is to be absolved from payment, simply because his wife signed it without his knowledge, seems [to me] would be against good conscience,' which error was excepted to at the time. (5) In the finding of fact, 'there was no intent on the part of anybody to commit any fraud,' which error was excepted to at the time. (6) In the finding of fact: 'If there was anything done to change this contract, it was through the ignorance of the parties. They supposed they were acting in good faith and I do not suppose there would have been any trouble about the payment of the note if the parties had not fallen out on other matters,'—which error was excepted to at the time. (7) In declaring the law to be: 'And to say that the wife, in her kindness, by [putting] her name to the note at the instance of the payee, rendered the whole note void, would seem to be very unjust, to say the least of it; and as the object of the courts is to secure justice, and maintain that which is right against mere technicalities, I am of the opinion that this note is not rendered void by the addition of the wife's name, and that it is in full force and effect, and that the plaintiff recover upon it according to its tenor [and] effect,'—which error was duly excepted to at the time. (8) In finding for the plaintiff upon the facts, which error was excepted to at the time. (9) In overruling the motion of defendant for a new trial, which error was excepted to at the time. (10) In rendering judgment for the plaintiff upon the note sued upon, which error was excepted to at the time.''

The counsel, both for appellant and appellee have shown commendable industry in presenting the authorities upon the question presented by the record, and we have deemed it necessary to examine the authorities with some considerable care, on account, not only of the importance of

the question, but by reason of the fact that there is apparently irreconcilable conflict in the authorities of the different states. That the general rule is well established that a material alteration in a written contract vitiates and destroys it, and that this rule applies as well to notes and bills as other written contracts, is unquestionable; the reason being that the integrity and identity of the instrument is destroyed. The conflict arises over the question what is and what is not a material alteration of the contract. The appellant insists that the facts in Mersman vs Werges, 112 U. S. 139, 5 Sup. Ct. 65, upon which appellee principally relied in the court below, are not to be found in another case in the books, and that the case cannot be held to overrule Wood vs Steele, 6 Wall. 80. The case in this record is one where the alteration was by the addition of the signature of the wife to the note some time after the execution and delivery of the note to the holder and without the knowledge and consent of the husband. It was the addition of the signature of the wife that constituted the alteration in Mersman vs Werges, after the execution and delivery to the holder, and without the knowledge and consent of the husband; but in Wood vs Steele the alteration consisted in the changing the date of the note by one of the makers without the knowledge or consent of the other maker. Held; the latter was discharged. The appellant cites Manufacturing Co. vs Gandy (Neb.) 9 N. W. 569, as clearly sustaining his contention; but a careful examination of the case shows that a mortgage given by the wife to secure the payment of her husband's note after the making and delivery of the note, and without the knowledge and consent of the husband, was void for want of any consideration to support the mortgage, but not that the note was void, as claimed by appellants. Likewise in Barnes vs Vankeuren, 47 N. W. 848, the supreme court of Nebraska say: "It is not every alteration of a promissory note that will discharge the maker. To have that effect it must be a

Promissory Note—Alterations.

material one; something either of advantage or detriment to
the promisor.   The alteration in  the case at bar was an im-
material one.   Chapman's liability was neither increased
nor lessened by the change.   He was liable for the whole
debt in any event."   In the above case Chapman was the
maker of the note, and the names of A. E. Barnes, A. Rey-
nolds, and J. B. Barnes were added to the note after its ex-
ecution and delivery, at the request of the holder, and with-
out the knowledge or consent of Chapman. These additional
signers admitted signing the note, but alleged that they did
so at the request of the holder, and without consideration
therefor, and as sureties of Chapman.   The plaintiffs insist-
ed that the alteration of the note released Chapman, and
the damage thereby was a sufficient consideration to support
the action against the additional signers.   The court held
that the additional signers were released for want of conside-
ration, but that Chapman "was liable for the whole debt in
any event."   Hence Barnes vs Vankeuren directly supports
the contention of the appellee in this case.   The appellant
cites the following cases in support of his contention: Bank
vs Shaffer (Neb.) 1 N. W. 980; but this was an alteration in
the amount of the note.   Likewise Pereau vs Frederick
(Neb.) 22 N. W. 235, was an alteration in the description of
mortgaged property; and Evans vs Lawton, 34 Fed. 233
was a change in a contract of employment; and Flanigan
vs Phelps (Minn.) 43 N. W. 1113, was an alteration by one
maker of a note, without the consent of the other, by writing
above the signature, "Privilege of extension for thirty day
given"; and Fordyce vs Kosminski, 49 Ark. 40, 3 S. W 892
was a case of raising a check from $8.40 to $80.40; and Wilson
vs Hayes (Minn.) 42 N. W. 467, was an alteration in the note
by changing time of payment of interest from "annually" to
"quarterly"; and Newman vs King (Ohio) 43 N. E. 683, was
a change in the date of the note; and Warder, Bushnell &
Glessner Co. vs Willyard (Minn.) 49 N. W. 300, was an alter-

ation of the note by changing the amount from $40 to $45. These cases we do not think can properly be regarded as in point upon the question in this record. Sullivan vs Rudisill (Iowa) 18 N. W. 856, supports the contention of appellant: but it appears that the real point was not passed upon by the supreme court, as the following extract from the decision will show: "Plaintiff insists that the adding of a new name to the note as surety is not such an alteration as will defeat recovery on the note, and therefore the judgment of the circuit court is erroneous. This objection is urged upon plaintiff's appeal, but, as no errors are assigned by plaintiff we cannot consider the objection urged by him against the judgment." Browning vs Gosnell (Iowa) 59 N. W. 340. This case fairly supports the contention of the appellant. It is held that, when one payor has signed and executed a note without any understanding that other signatures are to be added, procuring other signatures without the knowledge or consent of the original signer is such an alteration as re leases the original payor, but that the subsequent signers can be recovered against; deciding the question directly contrary to the Nebraska case of Barnes vs Vankeuren, supra. In Wallace vs Jewell (Ohio) 8 Am. Rep. 48, it is decided that "adding the name of a person as maker of a joint and several promissory note after delivery, without the knowledge or consent of the original signer, is a material alteration, and vitiates the note as to such original signers." But the court say in their opinion: "If the object had been to guaranty payment, or to furnish additional security otherwise than by becoming or assuming to become a joint maker, there could be no objection to the accomplishment of such object. The new agreement, in such case, would be a collateral one, and it would leave the integrity of the original note unaffected. Nor do we suppose that the case would be altered if in giving such security the new party should, by mistake or inadvertence, sign the note in such way as to in-

dicate prima facie that he was an original promisor, the real intention being otherwise." In Singleton vs McQuerry (Ky.) 2 S. W. 652, the question is decided according to the contention of appellant. In this case it is held that "adding the name of another maker to a note, without the consent of those already bound, is such a material alteration as to vitiate the instrument." It is said in Parson on Notes and Bills (volume 2, p. 582) that, "in the absence of fraud, none but material alterations will vitiate a note or bill, though the old rule was not so discriminating;" and Mr. Parson cites Trapp vs Spearman, 3 Esp. 57, in which Lord Kenyon said "that, to make a bill of exchange void by reason of an alteration, it should be in a material part; and that, though it had been formerly holden that the even telling up a sum on a bill, or writing anything upon it, would invalidate it, that strictness was now exploded."

In the present case the alteration was not one of a change in the terms of the contract, as to the amount of the note or the time and place of payment, but simply of the effect of adding another signature without otherwise altering or defacing the note. If the appellant is discharged by reason of adding that signature, a material alteration must mean, not any change so far as appellant's financial obligation or liability is concerned, but any alteration whatever is material, because a rigid and ancient rule should be followed, though wholly technical so far as the real merits of this case are concerned. But this means following a rule until it is "reductio ad absurdum." The courts and text writers have already; however, been considering this question, and, by holding that the obligation of the additional signer is that of a surety or guarantor, take it out of the rule, and hence that the additional signature is an immaterial alteration. 2 Daniel, Neg. Inst. § 1389, in discussing this rule, after stating the rule and the objections to it where there are a number of makers, says: "Where there is but

one maker to a note, and another is added, these views apply with enhanced emphasis. The addition does not vary the original maker's liabilities in any respect. There could be no motive of fraud upon him or others to induce the addition. And while it would come within the letter of those declarations of courts that maintain anything which affects the integrity of the instrument to be a material alteration, it does not seem to us to come within their spirit; nd, on the whole, we think it may be regarded as an immaterial alteration." It is conceded that the adding of a name as surety, where there is but one maker, does not vitiate the paper or discharge the maker, because that is a collateral agreement, and, further, because a surety may be added at any time, either at the time of executing the paper, or subsequent to that time. In Mersman vs Werges this is said to be the general current of American authorities, and that there is nothing in the English authorities that furnishes a ground for a different conclusion; also that if the name is signed in form as a maker, but that the intention was that he was a surety, it would make no difference. In McCaughey vs Smith, 27 N. Y. 39, it is held that procuring one to sign a promissory note as further security after delivery, and without the indorser's knowledge, is not a material alteration, and the court says in its opinion: "It was not adding a joint maker, because the note had been made and negotiated. It was subscribing to become security upon a note already made and negotiated. Hungerford was not named in the original contract, and was not a party to it. He made a new contract with the holders of the note, as security for the maker, after the contract of the maker was completed. I do not see how he could become a maker of a note already made and delivered. If he could. be held at all, I think it must have been by treating him as guarantor. If this were so, the case is out of the rule; for a guaranty of a note is not an alteration of it or of the maker's contract on it." In Brownell vs

Winnie, 29 N. Y. 400, it is held that "adding a maker to a promissory note is not a material alteration." See, also, Cobb vs Titus, 10 N. Y. 198; Partridge vs Colby, 19 Barb. 248; Burton vs Baker, 31 Barb. 241; Card vs Miller, 1 Hun. 504. In Miller vs Finley, 26 Mich. 248, it is held that "the principal maker of a note is not injured in any way by having the name of a surety added without his consent, and such addition does not invalidate the note." In their opinion the court say: "It has always been competent for a person to become surety by signing the note of the principal, so as to become a joint and several maker; and, unless the principal's liability is in some way affected by the addition, it cannot be material." In these cases, as well as in Mersman vs Werges, supra, the party in each instance signed without any indication from the signature that he was a surety, but the courts so regard his obligation; and the court below in this case, in quoting in his opinion the following from Mersman vs Werges, to wit, "The addition of the name of a surety, whether before or after the first negotiation of the note, is not such an alteration as discharges the maker, said: "That seems to be what was done in this case. If the wife had signed the note as accommodation maker, the liability of the husband as the maker of the note would not have been materially altered by the addition of her name." The appellee, in his reply to the answer of appellant, alleged "the fact to be that the said Jane C. Taylor, wife of defendant aforesaid, signed said note as surety or guarantor." On page 24 of the record, in the examination of the appellee, is the following: "Q. What was your object in getting her to sign that note? A. To secure the payment of it." On pages 25 and 26: "The Court: Q. You explained to her the reason why you wanted her to sign the note? A. Yes, sir. Q. That was substantially what you said a while ago? A. I don't think I got to give my reason Redirect by Mr. Shepard: Q. Give it now. A. I told her that I heard that Mr.

Taylor intended to get out of the payment of that note because she had not signed it; and she says, 'He does not,' and says, 'I will see that it is paid.' She says, 'I have got the means to pay it; and, if Taylor does not pay it, I will see it paid.' I says, 'You have no objection to signing it.' Q. You said, 'You have no objection to signing it? A. Yes, sir; and she said, 'Indeed, I don't.' Examination of Jane C. Taylor by appellant: Q. Did you sign the note as a joint maker of the note or as security? A. Well, I wouldn't hardly know." We think from this evidence the court below could very properly find that Jane C. Taylor signed as surety, and, the contract of suretyship being a collateral agreement, the evidence touching the same was properly admitted by the court. In this view the findings of the court were unquestionably correct, and hence we are of the opinion the judgment of the court below should be affirmed.

*Signor of Promissory Note after delivery a Surety.*

CLAYTON and THOMAS, JJ., concur.