### FIRST NAT. BANK OF BUTTE v. WEIDENBECK et al.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1899.)

No. 1,205.

1. ALTERATION OF NOTE—MATERIALITY—ADDITION OF NAME OF GUARANTOR.

The placing by a third person of his name on a note as guarantor, by agreement with the payee, and without the privity of the maker, is not a material alteration, which affects the validity of the note as against the maker, nor is the erasure of such name by a subsequent agreement between the same parties.

2. STATUTES—REPEAL BY IMPLICATION—RE-ENACTMENT.

The provision of the statute of Montana making the trustees of a corporation jointly and severally liable for its debts, where the corporation failed to make the annual reports thereby required, was not repealed as to a right of action accrued thereunder by the Civil Code subsequently adopted, which re-enacts such provision without any change affecting such liability, and further provides (section 4653) that its provisions, "so far as they are substantially the same as existing statutes or common law, must be construed as continuations thereof, and not as new enactments," and also (section 4654) that no right accrued before its taking effect shall be affected by its provisions.

3. CORPORATIONS—STATE LAWS GOVERNING—VALIDITY.

A provision of a state constitution that no foreign corporation shall be allowed to exercise or enjoy within the state any greater rights or privileges than those possessed or enjoyed by corporations of a similar character created under the laws of the state is merely an inhibition against the grant of greater rights or privileges to foreign corporations, and does not affect the validity of laws governing domestic corporations, although they cannot be applied to foreign corporations.

4. SAME—SUIT TO ENFORCE STATUTORY LIABILITY OF OFFICERS—JURISDICTION.

An action against officers of a corporation to enforce a liability created by the statutes of the state of its domicile may be maintained in any court without the state which has jurisdiction of the subject-matter and the parties.

In Error to the Circuit Court of the United States for the District of Minnesota.

This is an action by the First National Bank of Butte, plaintiff in error, against Sigmund T. Weidenbeck and Gustave J. Heinrich, the defendants in error, to recover from them the sum of $4,000 on a note executed by the Twin City Butte Mining Company, a corporation existing under the laws of the state of Montana, of which the defendants were trustees. The complaint alleges that the mining company, which was a corporation organized and existing under the laws of the state of Montana, borrowed from the plaintiff in error the sum of $4,000, and executed therefor its note; that, after the execution and delivery of the note, the bank entered into an agreement with one George H. Tong, whereby Tong, for a valuable consideration, undertook and

promised to guaranty the payment of the note, and in pursuance of such agreement, and in evidence thereof, wrote his name upon the note, intending thereby to guaranty the payment of the indebtedness, and by inadvertence placed his name upon the face of the note; that at the time it was expressly understood and agreed between the bank and Tong that he did not sign the note as maker or surety, but only as guarantor; that this contract of guaranty was made solely between the bank and Tong, the mining company not being a party or privy thereto; that after maturity of the note the bank and Tong entered into an agreement whereby Tong was discharged from his contract of guaranty of the payment of the note, and thereupon his name on the face of the note was erased, and the note left in the same condition it was when delivered by the mining company to the bank; that the agreement of guaranty between the bank and Tong, as well as the discharge from the guaranty, were innocently made and done, and entirely independent of any contract of the bank and the mining company; that, with the exception of some small payments which were indorsed as credits on the note, it still remains unpaid, although frequent demand has been made upon the mining company for payment thereof; that the mining company is wholly insolvent, and has no property out of which the note could be paid; that by the provisions of the statutes of the state of Montana, under which the mining company was created, it is the duty of the officers of every corporation to make a report annually, within 20 days of the 1st of September, of its financial condition, which is to be published in some newspaper published in the city in which it is located, and filed in the office of the county clerk of the county where the business of the company is carried on; that this report is to be verified by the president or secretary of the company, and signed by the president and a majority of the trustees, and, upon failure of the company to comply with these requirements of the law, all the trustees of the company shall be, jointly and severally, liable for all debts of the company then existing, and for all that shall be contracted before such report shall be made; that the defendants were at the time the debt was contracted, and ever since then, and are now, trustees of the mining company; that the business of the mining company is carried on in the county of Silver Bow, in the state of Montana, and has its principal office and place of business in the city of Butte, in that county and state: that the mining company failed and neglected to publish such report or file it in the office of the clerk of Silver Bow county, or any county of the state of Montana, within 20 days from the 1st of September, 1894, by reason whereof the defendants are liable, jointly and severally, for the indebtedness of the mining company; and it prays for judgment on the note. A demurrer to the complaint was sustained, and final judgment rendered for the defendants, whereupon the plaintiff sued out this writ of error. The opinion of the circuit court sustaining the demurrer is reported in (C. C.) 87 Fed. 271.

George B. Young, John A. Shelton (T. J. Walsh, on the brief), for plaintiff in error.

J. O. P. Wheelwright (Albert C. Cobb, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the facts as above). Formerly it was held that any alteration of a contract, whether material or immaterial, by a party claiming under it, avoided the contract. But the modern doctrine is that an immaterial alteration of a contract by a party claiming under it does not avoid the contract. 2 Pars. Cont. 717–720; Rand. Com. Paper, § 1743; Daniels, Neg. Inst. 1398. The principal and most important question in this case is, did the addition of Tong's name to the note as guarantor, and its subsequent erasure therefrom, in the manner and under the circumstances stated in the complaint, constitute a material altera-

97 F.—57

tion of the note which avoids it? The learned counsel for the plaintiff in error and the defendants in error, respectively, have furnished us with a full citation and exhaustive discussion of the authorities on both sides of this interesting subject. But, in view of the decision of the supreme court of the United States in the case of Mersman v. Werges, 112 U. S. 139, 5 Sup. Ct. 65, 28 L. Ed. 641, we do not feel called upon to indulge in any general discussion of the question. We think all that is there said by the court was fairly called for by the facts of that case, and that this court would not be justified in treating it as obiter dicta. Treating the opinion in that case as authoritative, as the courts and law writers who have had occasion to discuss this question have very generally done, we are constrained to hold that placing Tong's name on the note as a guarantor, and its subsequent erasure under the circumstances stated in the complaint, was not a material alteration of the note which avoided it. The court in that case said:

"The present case is not one of a change in the terms of the contract, as to amount or time of payment, but simply of the effect of adding another signature, without otherwise altering or defacing the note. An erasure of the name of one of several obligors is a material alteration of the contract of the others, because it increases the amount which each of them may be held to contribute. Martin v. Thomas, 24 How. 315, 16 L. Ed. 689; Smith v. U. S., 2 Wall. 219, 17 L. Ed. 788. And the addition of a new person as a principal maker of a promissory note, rendering all the promisors apparently jointly and equally liable, not only to the holder, but also as between themselves, and so far tending to lessen the ultimate liability of the original maker or makers, has been held in the courts of some of the states to be a material alteration. Shipp v. Suggett, 9 B. Mon. 5; Henry v. Coats, 17 Ind. 161; Wallace v. Jewell, 21 Ohio St. 163; Hamilton v. Hooper, 46 Iowa, 515. However that may be, yet where the signature added, although in form that of a joint promisor, is in fact that of a surety or guarantor only, the original maker is, as between himself and the surety, exclusively liable for the whole amount, and his ultimate liability to pay that amount is neither increased nor diminished; and, according to the general current of the American authorities, the addition of the name of a surety, whether before or after the first negotiation of the note, is not such an alteration as discharges the maker. Railroad Co. v. Hurst, 9 Ala. 513, 518; Stone v. White, 8 Gray, 589; McCaughey v. Smith, 27 N. Y. 39; Brownell v. Winnie, 29 N. Y. 400; Wallace v. Jewell, 21 Ohio St. 163, 172; Miller v. Finley, 26 Mich. 249. The English cases afford no sufficient ground for a different conclusion. In the latest decision at law, indeed, Lord Campbell and Justices Erle, Wightman, and Crompton held that the signing of a note by an additional surety, without the consent of the original makers, prevented the maintenance of an action on the note against them. Gardner v. Walsh, 5 El. & Bl. 83. But in an earlier decision, of perhaps equal weight, Lord Denman and Justices Littledale, Patteson, and Coleridge held that in such a case the addition did not avoid the note, or prevent the original surety, on paying the note, from recovering of the principal maker the amount paid. Catton v. Simpson, 8 Adol. & E. 136, 3 Nev. & P. 248. See, also, Gilb. Ev. 109. And in a later case in the court of chancery, upon an appeal in bankruptcy, Lords Justices Knight, Bruce, and Turner held that the addition of a surety was not a material alteration of the original contract. Ex parte Yates, 2 De Gex & J. 191, 27 Law J. Bankr. 9."

To the same effect are the following cases: Stone v. White, 8 Gray, 589; Miller v. Finley, 26 Mich. 249; Gano v. Heath, 36 Mich. 441; McCaughey v. Smith, 27 N. Y. 39; Barnes v. Van Keuren, 31 Neb. 165, 47 N. W. 848; Royse v. Bank, 50 Neb. 16, 69 N. W. 301; Ryan v. Bank, 148 Ill. 349, 35 N. E. 1120. These authorities support

the doctrine that the addition of the name of a guarantor to a note is not a material alteration, and does not release those primarily bound. It does not in any way change or affect their rights. It is an independent contract made with a third party, to which the consent of the obligors is unnecessary. Their liability is neither increased nor diminished by the addition of the name of the guarantor, and he has no right of contribution or exoneration. The rights of the obligors are no more affected by the guaranty placed on the note than they would be by a guaranty placed on a separate instrument.

It is claimed by the defendants in error that the statute creating the liability upon which the action is founded has been repealed, and that, though the plaintiff's right of action accrued before the repeal, he cannot recover in consequence. The statute has not been repealed, but only re-enacted in the new code of laws enacted by the legislature, with an added provision which in no way affects the plaintiff's cause of action. Fitzgerald v. Weidenbeck (C. C.) 76 Fed. 695. The new enactment is substantially the same as the old, and was obviously intended as a mere continuation of the old law, with the slight addition thereto which in no manner affects this case. Section 4653 of the Civil Code of Montana, which contains the new enactment, declares that "the provisions of this Code, so far as they are substantially the same as existing statutes or common law, must be construed as continuations thereof, and not as new enactments." The provisions of the Code on this subject being "substantially the same" as the former statute, it must, under this provision of the Code, be held to be a continuation thereof. Moreover, section 4654 of the Code provides that "no action or proceeding commenced before this Code takes effect, and no right accrued, is affected by its provisions." The right of action in this case accrued before the Code took effect, and is therefore not affected by its provisions. We do not consider whether it is a right of action for a penalty, and, if so, the nature or character of that penalty. It is enough to say that it was a right which accrued before the Code took effect, and is therefore saved by the section of the Code last quoted. Undoubtedly, if this action had been commenced before the Code took effect, it would have been saved by this section, and "an action commenced" and a "right accrued" are by the terms of the section put on the same footing,—both as saved. It is very clear that it was the manifest purpose of the provisions of the Code which we have quoted to preserve all rights, and to permit all actions to be maintained, that could have been maintained had not the Code been adopted. We agree with the learned counsel for the plaintiff in error that it is unreasonable to suppose that the legislature intended to take away the right from those creditors in whose favor it had already accrued, and give it to those who should occupy a similar position in the future.

Another contention of the defendants in error is that the statute on which the action is founded was annulled by the constitution of the state. Section 11 of article 15 of the constitution of Montana provides as follows: "And no company or corporation formed under

the laws of any other country, state or territory shall have, or be allowed to exercise or enjoy within this state any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of the state." The contention is that, under this provision of the constitution, a statute imposing any duty or obligation on a domestic corporation, which is not also imposed on foreign corporations doing business in the state, is unconstitutional. The position is untenable. One sufficient answer to it is that the liability in this case is imposed upon the officers of the corporation individually, and not upon the corporation. But, if a foreign corporation were given greater rights and privileges in the state than were enjoyed by domestic corporations, it is not perceived how that fact would annul all laws in the state applicable to domestic corporations. In the very nature of things, it is impossible to provide exactly the same system of laws for foreign as for domestic corporations. It is never done. The constitutional provision quoted contemplated no such thing. It is an inhibition against the grant of powers and privileges to foreign corporations that are not granted to, or cannot be enjoyed by, domestic corporations under like conditions. It does not nullify all laws for the government of domestic corporations when those laws are not or cannot be applied to foreign corporations. The case of Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, answers the contention that the suit cannot be maintained outside the state of Montana.

The action is not barred. The filing of the original complaint arrested the running of the statute. The amended complaint counts on the same cause of action as was set up in the original complaint. But the case cited by counsel for the defendants in error in support of the contention that the action is one for a penalty, and is barred in three years, under the Minnesota statute of limitation (Merchants' Nat. Bank of Chicago v. Northwestern Manufacturing & Car Co., 48 Minn. 349, 51 N. W. 117), has been overruled (Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976). The judgment of the circuit court is reversed, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and permit the defendants to answer.