GRAHAM v. RUSH ET AL.

1. **Surety**: ON PROMISSORY NOTE: ALTERATION BY OBTAINING ANOTHER
SURETY. H., desiring to borrow money of G., procured R. to sign a
note with him. H. presented the note so signed to G., but he refused
to accept the same. H. then procured F. to sign the note also, and G.
then accepted it. *Held* that there was no contract before the acceptance
of the note, and hence no change of the contract of R. by the procuring
of F.'s signature; and that R. could not escape liability on that ground.

2. ———: NOTICE TO CREDITOR TO SUE: INSOLVENCY OF PRINCIPAL. One
of the sureties on the note in suit served notice on the holder, under §
2108 of the Code, to bring suit thereon, or to allow him so to do, but the
holder refused, and the court discharged the surety and rendered judg-
ment for costs against the holder. To this the holder objected on the
ground that the maker was already insolvent at the time the notice was
served, and that an action against him would have availed nothing.
But *held* that this objection was not sustained by the evidence, which
only showed that the maker was insolvent *at a time prior* to the giving
of such notice.

*Appeal from Washington District Court*—Hon. J. K.
Johnson, Judge.

THURSDAY, DECEMBER 15.

ACTION upon a promissory note executed by the defendants,
Rush and Furguson, and one Hamer. There was a trial to
the court, and judgment was rendered for the plaintiff against
Rush, and in favor of the defendant Furguson, as against the
plaintiff, for costs. Both plaintiff and Rush appeal; the
latter perfecting his appeal first.

*Dewey & Eicher*, for appellant Rush and appellee Furguson.

*Folger & Phelps* and *H. & W. Scofield*, for plaintiff,
Graham.

ADAMS, CH. J.—The defendant Rush pleaded that he signed
the note merely as surety, and that, after he signed it, it was
materially altered by the signing of the same by
the defendant Furguson. The facts are that the
principal maker, Hamer, applied to the plaintiff,
Graham, for a loan of money, and tendered him
the note in question, signed by himself and the defendant

Rush, and no one else. Graham refused to accept the note without an additional surety. Hamer then procured Ferguson to sign the note, and, after that, Graham accepted it, and made the loan upon it. In our opinion the note could not be said to be delivered until it was accepted. It did not become a contract until it was delivered, and it follows that the signing by Furguson before delivery was not an alteration of the contract. The cases relied upon are cases of the alteration of a contract. In our opinion they do not apply. It is insisted that there was no sufficient evidence that Rush signed the note at all; but in our opinion the signing was admitted by Rush in his answer. It is true that he denied the execution of the note, but evidently meant that he did not execute the note as it now stands. After denying the execution of the note, his answer contains these words: "The truth is that defendant Rush was solicited to join on a note as security for the defendant T. L. Hamer to plaintiff herein, Graham, and did so join on the note in suit at or about its date." This, we think, is sufficient admission of the signing. It appears to us that, on the pleadings and undisputed evidence, the defendant Rush was liable. Other questions raised by him it is unnecessary to consider.

II. We come, then, to the plaintiff's appeal from the judgment rendered against him for costs as against Furguson. The defendant Furguson pleaded that he served upon the plaintiff a written notice and request to commence suit upon the note, or allow him (Furguson) to do so, and that his request was refused. This plea appears to have been sustained by the evidence. The plaintiff, however, contends that Furguson was not discharged, because it appears that Hamer, the principal maker, had already become insolvent, and had permanently removed from the state. The statute under which the written notice was given and request made is section 2108 of the Code, and is in these words: "When a person bound as surety for another for payment of money, or the performance of any other con-

2. ——: notice to creditor to sue : insolvency of principal.

tract in writing, apprehends that his principal is about to become insolvent, or to remove permanently from the state without discharging the contract, if a right of action has accrued on the contract, he may by writing require the creditor to sue upon the same, or permit the surety to commence suit in such creditor's name and at the surety's cost." The plaintiff's position is that Furguson could not have apprehended that his principal was about to become insolvent, or remove permanently from the state, because his insolvency and removal had already transpired. To this it is sufficient to say that the evidence does not show that Hamer was insolvent at the time of service of the written notice and request, but that he was insolvent some time prior thereto. We see no error.

Each party appealing must pay the costs of his own appeal, and the judgment on both appeals be

AFFIRMED.