## CLARK *v.* MACON TELEGRAPH PUBLISHING CO. *et al.*

Where a plaintiff in an action to recover personal property obtained bail process, and the defendant, in order to retain possession of the property, executed a bond with a single surety, which was refused by the deputy sheriff because such surety was not considered sufficient; and where such surety was so notified by the principal, and the latter agreed to erase his name but did not do so, and obtained another surety to sign the bond, which was then delivered, and the property was left in the possession of the principal (the second surety having introduced evidence tending to show that he was aware of the rejection of the bond with one surety); after verdict against the principal, and an entry of judgment on the bond, there was no error in refusing to grant an injunction at the instance of the second surety to prevent a sale of his property to satisfy the judgment, on the ground that if the first surety was discharged he was likewise discharged, and that the judgment should also be set aside as to him if set aside as to the first surety, as prayed by the latter.

                              MARCH 10, 1915.

Petition for injunction. Before Judge Pendleton. Fulton superior court. November 28, 1914.

A. F. Kuhns filed his petition against the Macon Telegraph Publishing Company, L. W. Dunn, and I. C. Clark, alleging in substance as follows: An action of trover with bail process was brought in Fulton superior court by the Macon Telegraph Publishing Company against L. W. Dunn, to recover certain "printing machinery." Dunn, desiring to give bond in order to retain possession of the property, went to one Kuhns and procured the latter to sign the bond as surety. As thus executed by Dunn as principal and Kuhns as surety, the bond was tendered to the deputy sheriff, who rejected it on the ground that Kuhns was not a sufficient or satisfactory surety. Upon being informed of such rejection, and that another bond would have to be executed, he returned to Dunn the amount which he had charged as a premium for signing the bond, and his

agreement to become surety was withdrawn. He is informed and believes that thereafter Dunn procured one I. C. Clark to become his surety upon the bond, and Clark executed the bond as surety, and it was tendered to the deputy sheriff without Kuhns' name having been erased, as Dunn had agreed should be done. In this way, without his knowledge or consent, his name remained on the bond as surety, without any intention on the part of Dunn to again offer him as such, and without his having been accepted as surety by the deputy sheriff. When the case came on for trial, the plaintiff recovered a judgment against Dunn, and a judgment was entered on the bond against Kuhns and Clark as sureties. Kuhns had no knowledge of the unauthorized use of his name until some-time after the judgment had been entered. He prayed that the judgment should be vacated as to him.

Clark demurred to the petition and answered it. On information and belief he denied that Dunn did not intend to again offer Kuhns as a surety, but alleged that in fact he did so intend and did offer Kuhns as a surety, and Clark signed the bond regarding himself as a cosurety with Kuhns, the bond being signed by the latter when tendered to him by Dunn for the purpose of signing as a cosurety. A part of the inducement offered to Clark to sign as a surety was that Kuhns was a cosurety with him. It was through the negligence of Kuhns and no one else that his name remained on the bond, if he intended that it should not be so retained; as the duty devolved upon him to take possession of or destroy the bond when the contract between himself and Dunn had been canceled or repudiated, and not to leave the bond in possession of Dunn, so that innocent persons might be misled thereby. Clark is informed that Dunn is insolvent, and that the sureties will be required to pay off the judgment; and he should not be required to pay off the whole of it, since Kuhns put it in the power of Dunn to mislead him. If the bond is void as to Kuhns, it is also void as to Clark, who entered into the contract as a cosurety; and to relieve Kuhns will be such a material alteration of the bond as to make it void as to Clark. The prayers were, that Kuhns be not relieved from the judgment; that if it should be set aside as to him, it be set aside also as to Clark; that the Macon Telegraph Publishing Company be enjoined from enforcing or attempting to enforce the judgment against Clark; and that he have general relief. By amendment

Clark alleged, that, since the filing of his original answer and cross-petition, the Macon Telegraph Publishing Company through its attorneys had pointed out to the sheriff certain real estate belonging to Clark, and had instructed him to proceed to enforce the execution, and that this will be done; and that the publishing company was not insisting that Dunn or Kuhns pay the judgment, but is threatening to levy on the property of Clark. He prayed that the publishing company and the sheriff be enjoined from levying on and selling his property.

The Macon Telegraph Publishing Company answered, in substance, that it pointed out no particular property to be levied on, but requested the sheriff to make the money by levying on the property of Clark, having learned that he was the owner of unincumbered property; that it was making no invidious discrimination as between the parties to the judgment; and that as to any controversy between Kuhns and Clark this defendant is an innocent party, and should not be delayed thereby. The sheriff answered, that he was proceeding to realize the amount of the execution by levy and sale; that the judgment and execution were against both Kuhns and Clark, and he had the right to levy upon the property of either; and that he was not concerned with any legal controversy between them.

There was a hearing upon the application of Clark for an injunction. He introduced in evidence the sworn petition of Kuhns, and his answer thereto, and his sworn amendment and cross-petition; also the notice of the levy on certain property. The Macon Telegraph Publishing Company introduced its sworn answer to the cross-petition of Clark. The sheriff and his deputy testified, by affidavits, to the effect that when Dunn presented the bond with the name of Kuhns signed thereto as the only surety, it was refused because Kuhns was not considered a sufficient security; that later Dunn came back with the same bond and presented it again with the name of Clark signed thereto as a surety with Kuhns; and that the deponents did not know what occurred between Dunn, Kuhns, and Clark.

The presiding judge refused the injunction prayed in the cross-petition of Clark, and he excepted.

*Holbrook & Corbett,* for plaintiff in error.

*Smith, Hammond & Smith* and *Daley, Chambers & Daley,* contra.

LUMPKIN, J. (After stating the foregoing facts.) There is much conflict and some confusion in the authorities in regard to adding new makers or obligors to an instrument after its original execution. After there has been a complete execution and delivery, and even sometimes before there has been a complete delivery to the obligee, it has been held that such a change is material as rendering all the promisors jointly and equally liable to the obligee as well as among themselves, and as tending to lessen the ultimate liability of the maker or makers. It has been held that the addition of a surety to a complete bond after execution and delivery by the original sureties is an alteration which will discharge the latter. Oneale v. Long, 4 Cranch (U. S.), 60 (2 L. ed. 550); Anderson v. Bellenger, 87 Ala. 334 (6 So. 82, 4 L. R. A. 680, 13 Am. St. R. 46). See the discussion in *Taylor* v. *Johnson,* 17 *Ga.* 521, though the exact point seems not to have been finally decided in that case. On the other hand, it has been declared that the question is controlled by a consideration as to the character of the change, and whether it is in the body of the instrument or otherwise; the extent to which the instrument has been completed in its execution, and of authority to be implied from the condition of the instrument, as to its state of completeness in connection with the relation of the parties. Accordingly it has been held in some decisions that if a surety be added to a promissory note before it has been "fairly launched" so as to become an available security for the purpose for which it was intended, as where such a change was made while the instrument was in the hands of the principal in order to discount it, it will not be considered an alteration which will discharge the original surety. 2 Cyc. 219, 221; Ward v. Hackett, 30 Minn. 150 (14 N. W. 578, 44 Am. R. 187), where it was said: "We have been referred to no case, and have found none, going so far as to hold, where a surety signs a promissory note and intrusts it to his principal, and the principal, while the instrument is still inchoate and has not become effectual as a contract by delivery, procures an additional signer, that this would be a material alteration and release the first surety." Crandall v. First National Bank of Auburn, 61 Ind. 349; Miller v. Finley, 26 Mich. 249 (12 Am. R 306); McCaughey v. Smith, 27 N. Y. 39; Snyder v. Van Doren, 46 Wis. 602 (1 N. W. 285, 32 Am. R. 739); Graham v. Rush, 73 Iowa, 451 (35 N. W. 518); 2 Dan. Neg. Inst. (6th ed.) § 1389.

Without deciding whether Kuhns was or was not discharged, as he is not excepting, and in fact appears not to be a party to the writ of error, relatively to Clark, who alone complains of a refusal to grant an injunction in his favor, certain things should be noted. In the first place, he does not concede that Kuhns is discharged, but denies it, stating in the alternative that, if Kuhns is discharged, he should be likewise discharged. In the second place, if Kuhns was discharged, it must have been either because Clark signed the bond as additional security, or because it had been rejected with Kuhns as the sole surety, and a new delivery with his consent was necessary. There had been no complete delivery of the bond to the obligee, as was the case in *Taylor* v. *Johnson,* supra. The evidence of the deputy sheriff was to the effect that he refused to accept the bond as first tendered, because he did not consider Kuhns a sufficient surety; and that an additional surety was furnished by the signature of Clark. In his cross-petition, Clark does not deny that he knew that the bond had been tendered with the signature of Kuhns and had been refused without additional security, and that he signed with that knowledge. He introduced in evidence the petition of Kuhns, which alleged that Clark had such knowledge. If he knew this, and signed as an additional surety, could he claim that his signing operated to discharge Kuhns and likewise operated to discharge himself? The bond is not set out in the record, and it does not appear whether it was joint or joint and several. Clark knew that the purpose of it was to enable his principal to retain possession of the personal property. He aided his principal to accomplish that result. The property may have been destroyed or consumed. Under such facts, Clark could not be held to be free from liability; and there was no error in refusing to grant the interlocutory injunction prayed for by him. So far as there was any controversy in regard to issues of fact, we must treat them as determined in favor of the ruling of the trial court.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*