PRATT et al. v. NATIONAL BANK OF COMMERCE OF SEATTLE.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1924.)

No. 4115.

1. Guaranty ⊛⇒77(2)—Contract of guaranty held direct obligation of signers.

Under an absolute and unconditional guaranty of payment of any indebtedness due from or later incurred by a corporation to plaintiff bank up to a stated amount, signed by directors of the corporation, who jointly and severally promised to pay any such indebtedness on demand, at any time after due, regardless of any other security taken, plaintiff was not required to exhaust its remedy against the corporation before suing on the contract.

2. Alteration of instruments ⊛⇒8—Guaranty of financial responsibility of guarantors creates separate contract.

The signing of an existing contract of guaranty by one not a party thereto, not as a coguarantor, but as a guarantor of the financial responsibility of the original guarantors, creates a separate and independent contract.

3. Evidence ⊛⇒404—Parol testimony held not admissible to vary written guaranty.

Where a written contract of guaranty of any indebtedness created by a corporation expressly provided that it should remain in force until terminated by written notice, testimony of the guarantors that they understood it to be in force only for a limited term *held* inadmissible.

4. Guaranty ⊛⇒78(2)—Defenses to action against guarantors.

In an action against guarantors, to which the principal debtor is not a party, defendants cannot plead as a set-off a right which, if it exists, is in favor of such principal.

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by the National Bank of Commerce of Seattle against T. W. Pratt and others. Judgment for plaintiff, and defendants bring error. Affirmed.

R. E. Smith, Geo. P. Cooper, Lawrence Cooper, and M. H. Lanier, all of Huntsville, Ala. (James H. Pride, of Huntsville, Ala., on the brief), for plaintiffs in error.

Edward H. Cabaniss, of Birmingham, Ala. (Spragins & Speake, of Huntsville, Ala., and Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and ERVIN, District Judge.

BRYAN, Circuit Judge. This is a suit to recover on a written guaranty, executed by the defendants below, who were directors of the Kenai Packing Company, in favor of the plaintiff bank.

The amended complaint alleges that on March 25, 1919, the Kenai Packing Company and the defendants executed the contract sued on by which they guaranteed "unconditionally at all times payment of any and all indebtedness now owing, or which may hereafter be owing or become due from Kenai Packing Company to the National Bank of Commerce of Seattle, its successors or assigns, to the extent of sixty thousand and $no/100$ dollars ($60,000.00), whether or not said indebtedness or any part thereof be otherwise guaranteed or secured, and upon the failure to pay the amount thereof when due by the said Kenai Packing Co. I/we jointly and severally promise to pay the same on demand, together with interest thereon, to the National Bank of Commerce of Seattle, or to the holder or holders of said indebtedness or any part thereof, and waive notice of the acceptance of this guaranty and of any and all indebtedness at any time covered by the same. This is intended as a continuing guarantee and requires no notice to the undersigned, and shall remain in force until written notice of its discontinuance shall be received by the National Bank of Commerce of Seattle"—and that there was due to the plaintiff from the Kenai Packing Company a sum in excess of the amount of the guaranty, which the defendants on demand had failed to pay. The Kenai Packing Company was not made a party defendant.

The defendants demurred upon the principal ground that the complaint fails to allege that judgment had been recovered against the Kenai Packing Company, and that execution had been issued thereon and returned unsatisfied. The court overruled the demurrer, and the defendants filed a number of pleas to the effect that as a part of the contract under which the guaranty was delivered the plaintiff was to receive and did receive warehouse receipts for a large quantity of salmon which was stored in public warehouses at Seattle, Wash., to secure the payment of the obligation which the Kenai Packing Company owed it; that the value of said salmon exceeded the amount of said debt; that the plaintiff was notified by them to sell said salmon and

apply the proceeds in liquidation of the indebtedness due it by the Kenai Packing Company; that instead of doing so the warehouse receipts were, without the knowledge and consent of the defendants, delivered to Rush Estee as the agent or attorney for the plaintiff, and the salmon was withdrawn from the warehouse at Seattle, and transported to Vancouver, British Columbia, and was wholly lost, wrongfully converted, misappropriated, or wasted. When the case was called for trial, the defendants pleaded the general issue in short by consent, with leave to offer in evidence anything which would be a good defense if specially pleaded, as set forth in the pleas theretofore filed.

The plaintiff is a banking institution at Seattle, Wash. The Kenai Packing Company was a corporation under the laws of Alabama, but had its principal place of business at Seattle. In the years 1918, 1919, and 1920 it was engaged in packing and marketing salmon. It had a canning factory in Alaska, and the salmon was packed and shipped from there to Seattle where it was stored in a public warehouse. Rush Estee was president of the Kenai Packing Company, and had entire charge of its business. The defendants were its directors and principal stockholders, and reside in Alabama. In 1918 the plaintiff financed the business of this company, but before it would agree to do so for the year 1919 required the defendants to execute and deliver to it the guaranty sued on. The loans advanced by the plaintiff in 1919 were paid off. Estee did not sign the guaranty at the time it was executed by the defendants, but in 1920, upon his application for advances for that year, the plaintiff required him to sign it as an independent guarantor of the ability of the defendants to comply with their guaranty. Upon this explanation of the circumstances under which Estee signed being given, the contract of guaranty was, over the objection of the defendants, admitted in evidence. The court sustained plaintiff's objections to testimony, offered by three of the defendants, that the guaranty was to apply only to loans made during the year 1919, but this testimony does not purport to show that there was any agreement with the plaintiff to that effect.

The plaintiff required Estee, as president of the Kenai Packing Company, to deposit with it, as additional security, warehouse receipts for the salmon canned and packed by the Kenai Packing Company, which was shipped to Seattle. During the year 1920 the plaintiff redelivered to Estee warehouse receipts for 16,000 cases of salmon, which, if the salmon had been good and merchantable, would have been worth at prevailing prices approximately $80,000, or more than enough to discharge the guaranty, and in lieu of the warehouse receipts accepted from Estee trust receipts in the usual form authorizing the sale of the salmon and requiring the proceeds derived therefrom to be paid to the bank. Estee removed these cases of salmon to Vancouver, but this was done without the knowledge or consent of the bank, and, according to plaintiff's testimony, for the reason, as afterwards given by Estee, that agents of the United States suspected the salmon was bad and unmerchantable. As soon as the bank learned of this, and of what Estee was doing with the salmon, it telegraphed to the defendants. There was evidence that Estee sold the salmon, and did not account to the plain-

tiff for the proceeds, but the amounts he was shown to have received and failed to pay over to the bank were not sufficient to reduce the indebtedness to the bank below the amount of the guaranty. The defendants offered to prove that the salmon delivered by the plaintiff to Estee on the trust receipts was good, merchantable salmon, fit for human consumption, and of a value sufficient to liquidate the indebtedness of the Kenai Packing Company to the plaintiff; but the court sustained plaintiff's objection to such offer, and the defendants excepted.

The defendants never served upon the plaintiff written notice of the discontinuance of their guaranty. However, one of them testified that he orally notified the plaintiff before the advances in 1920 were made that the defendants would not longer be bound. This testimony was directly contradicted by evidence for the plaintiff. Upon this conflict the court submitted the case to the jury, which returned a verdict in favor of the plaintiff for the full amount of the guaranty with interest.

The defendants assign error, and contend that the trial court erred: (1) In overruling the demurrer to the complaint; (2) in overruling the objection to evidence that Estee signed the contract sued on, not as a coguarantor with the defendants, but as an independent guarantor of their financial ability to comply with their contract of guaranty, and in admitting said contract in evidence; (3) in sustaining plaintiff's objection to the offer of the defendants to prove that the contract of guaranty was delivered to the plaintiff on the condition that it was to apply only to loans made during the year 1919; and (4) in sustaining plaintiff's objection to the evidence offered by the defendants to prove their pleas of set-off.

[1] 1. The demurrer to the complaint was properly overruled. The guaranty was absolute and unconditional, because it was given to secure the payment and not the collection of money. It was therefore unnecessary for the plaintiff to exhaust its remedy against the principal before proceeding against the guarantors. 12 R. C. L. 1064; 28 C. J. 896.

[2] 2. The evidence is undisputed that Estee signed the guaranty, not as an original guarantor with the defendants, but as an independent guarantor of their financial responsibility. His obligation is as distinct and separate from that of the defendants as if it had been evidenced by a separate and formal contract. Mersman v. Werges, 112 U. S. 139, 5 Sup. Ct. 65, 28 L. Ed. 641; First National Bank v. Weidenbeck, 97 Fed. 896, 38 C. C. A. 131; Baker v. Lehman, 186 Ala. 493, 65 South. 321. It follows that it was not error to admit the contract of guaranty in evidence.

[3] 3. It is apparent from the testimony of the defendants that they did not communicate to the plaintiff that they understood they were only being bound as guarantors for advances or loans for the year 1919, and that they were merely seeking to vary the terms of their written contract which clearly provides that it should remain in force until written notice should be given of its termination. Plaintiff's objection to this evidence was properly sustained.

[4] 4. If there was any right of set-off, it existed in favor of the Kenai Packing Company, which was not a party to the suit. The defendants could not avail themselves of that right without the consent

of their principal, or without having it before the court. Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355. It is contended by the defendants that the Court should have treated the pleas of set-off as equitable, but they made no effort to have that done, and the pleas contain no averment that the Kenai Packing Company was insolvent. In this state of the pleadings the defendants would have no standing in a court of equity. Willoughby v. Ball, 18 Okl. 535, 90 Pac. 1017. But, the pleadings aside, the evidence does not show any negligent or wrongful act on the part of the plaintiff in the disposition of the salmon which was delivered on trust receipts to the president of the Kenai Packing Company. The warehouse and trust receipts were required and taken by the plaintiff for its own security. It was always contemplated that the salmon would be delivered to the Kenai Packing Company or its representative, and marketed by it. The defendants are not in a position to hold the plaintiff liable for an innocent mistake or even for a breach of trust of the president of the company of which they were the directors.

The judgment is affirmed.